UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO: 4:22-CR-00577 |
| | § | |
| TERRY ARDOIN | § | |

## MOTION FOR DISCOVERY ON THE ISSUE OF RACIAL PROFILING AND SELECTIVE PROSECUTION

TO UNITED STATES DISTRICT JUDGE ANDREW S. HANEN:

COMES NOW the Defendant, TERRY ARDOIN, by and through his undersigned counsel and moves that this Honorable Court enter an order, directing the government to provide the discovery described below. The defense seeks the requested information to pursue a defense that the Houston Field Office of the Federal Bureau of Investigation ("FBI") and Department of Alcohol, Tobacco, and Firearms ("ATF") engages in racial profiling by targeting individuals of color as defendants in "fake stash house score" cases that are wholly manufactured by these investigative agencies.

This case is yet another of the government's staples – a hypothetical rip-off of a fake, non-existent stash house. The government agents consistently present simple elements of the offense. Using an informant, and in this case, an undercover agent, the government fabricates a hypothetical and pretend crime: The informant and/or undercover agent knows the location of a stash house filled with drugs in sufficient quantities to trigger high mandatory minimum sentences which is often watched over by a few armed guards. The informant(s) and/or undercover agent(s) recruit individuals, almost exclusively of color, to commit an armed robbery of the stash house, leading the would-be robbers to believe that the proceeds of the robbery will

1

be divided among the participants. Armed with this phony plot, the government and their informants look for vulnerable prey. The government tapes the meetings, wires telephone conversations and ultimately arrests their victims for the charges like the following before the court: conspiracy to interfere with commerce by robbery (18 U.S.C., § 1951(a)), conspiring to possess with the intent to distribute a controlled substance (21 U.S.C., § 846), attempt to possess with the intent to distribute a controlled substance (21 U.S.C., § 846) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C., § 924 (c)(1)(A) and 2), specifically where defendant(s) were conspiring and attempting to possess with intent to distribute a controlled substance.

This practice has been admonished by courts across the country. *E.g.,* United States v. Black, 750 F.3d 1053, 1054 (9th Cir. 2014), United States v. Washington, 869 F.3d 193, 196 (3d Cir. 2017). Despite the consistent criticism, the Department of Justice decided in 2017 to bring the practice to Houston. They incorporated the admonished practice across 10 agencies through "numerous classes [that] educate[d] agents and officers on the details of developing a violent crime case using the Hobbs Act, VICAR and RICO." (See Exhibits A and B). Ultimately, the stash house, drugs, and robbery in this case, like in every other, exist only in the story and nowhere else. Case 4:23-cr-00577.

The information that is currently available to the defense regarding racial profiling, selective enforcement, and selective prosecution in the Southern District of Texas includes at least this case and the following case:

    a) *United States v. Bolton, et al.*, 4:23-cr-00359, in which all seven defendants are African American.

As a result of this racial profiling and subsequent sting operations, the field offices of the FBI and the ATF and the United States Attorney's Office for the Southern District of Texas selectively enforces and prosecutes these individuals in federal cases involving mandatory minimum drug penalties. Defendant moves the court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b), F.R.E., the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Sixth Amendment of the United States Constitution, to order the government to produce for inspection and copying, certain material which the Defendant believes is in the possession of the government or its agents or which through due diligence would become known from the investigating officers, witnesses or persons having knowledge of the events giving rise to this cause:

I.

The Defendant moves the court to order the government to produce for inspection, copying, photographing or reproduction, the following material:

1. A list by case name, number, and race of each defendant of all cases relating to conspiracy to interfere with commerce by robbery (18 U.S.C., § 1951(a)), conspiring to possess with the intent to distribute a controlled substance (21 U.S.C., § 846), attempt to possess with the intent to distribute a controlled substance (21 U.S.C., § 846) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C., § 924 (c)(1)(A) and 2), specifically where defendant(s) were conspiring and attempting to possess with intent to distribute a controlled substance, all brought by the U.S. Attorney's Office in the Southern District of Texas from 2014 to present. With respect to each case, the defense requests that the government

disclose the race of each defendant investigated and prosecuted.

2. The statutory or regulatory authority for the FBI and ATF to instigate and/or pursue conspiracy to interfere with commerce by robbery, conspiring to possess with the intent to distribute a controlled substance, attempt to possess with the intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime, specifically where defendant(s) were conspiring and attempting to possess with intent to distribute a controlled substance, or any decision by any federal agency, the Justice Department, or the White House to authorize the FBI or ATF to pursue such cases in the Southern District of Texas.

3. All national and Houston Field Office FBI and ATF manuals, circulars, field notes, correspondence or any other material which discuss "stings," "reverse stings," or entrapment operations, including protocols and/or directions to agents and to confidential informants regarding; how to conduct such operations, how to determine which persons to pursue as potential targets or ultimate defendants, how to ensure that the targets do not seek to quit or leave before an arrest can be made and how to ensure that the agents are not targeting persons for such operations on the basis of their race, color, or national origin.

4. All documents that contain information on how supervisors and managers of the Houston area FBI and ATF were to ensure and/or did ensure or check that its agents did not target persons on the basis of their race, color, ancestry, or national origin for the "fake stash house score" cases. As well as the actions the Houston area FBI and ATF supervisors and managers operating in the Southern District of Texas took to determine whether agents were not targeting persons for such operations on the

basis of their race, color, or national origin.

5. The number of confidential informants that the Houston area FBI and ATF has used each year from 2014 to the present, and the number of those confidential informants who had access to non-African American or persons of non-African descent who could be targeted for conspiracy to interfere with commerce by robbery, conspiring to possess with the intent to distribute a controlled substance, attempt to possess with the intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime, specifically where defendant(s) were conspiring and attempting to possess with intent to distribute a controlled substance.

6. All documents containing instructions given during the tenure of Alamdar S. Hamdani and Ryan K. Patrick as the U.S. Attorney for the Southern District of Texas about the responsibilities of Assistant U.S. Attorney's to ensure that defendants in cases brought by the Office of the U.S. Attorney for the Southern District of Texas are not targeted due to their race, color, or national origin.

7. All documents that contain information about all actions taken during the tenure of Alamdar S. Hamdani and Ryan K. Patrick as the U.S. Attorney for the Southern District of Texas about the responsibilities of Assistant U.S. Attorneys to ensure and/or check to determine that defendants in cases brought by the Office of the U.S. Attorney for the Southern District of Texas have not been targeted due to their race, color, ancestry or national origin and specifically that those persons who are defendants in these cases in which the FBI and/or ATF was the investigatory agency, have not been targeted due to their race, color, or national origin, and that

such prosecutions have not been brought with any discriminatory intent on the basis of the defendant's race, color, or national origin.

8. All documents containing instructions given from 2014 to the present by any supervisors employed by the U.S. Attorney for the Southern District of Texas about the responsibilities of Assistant U.S. Attorney's to ensure that defendants in cases brought by the office of the U.S. Attorney for the Southern District of Texas have not been targeted due to their race.

9. Any document prepared by the FBI or ATF which summarizes how to investigate and prosecute conspiracy to interfere with commerce by robbery, conspiring to possess with the intent to distribute a controlled substance, attempt to possess with the intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime, specifically where defendant(s) were conspiring and attempting to possess with intent to distribute a controlled substance, including any guidelines for selecting appropriate targets for these cases.

II.

In support of this motion, the Defendant would show the Court as follows:

1. The items requested are in the exclusive possession, custody and control of The Government by and through its agents, law enforcement officers or the prosecuting attorney's office, the existence of which is known or may become known with diligence, and the Defendant has no other means of ascertaining the disclosures requested.

2. The items requested are not privileged.

3. The items and information are material to this cause on the issues of guilt or innocence and punishment to be determined.

4. The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5. That absent such discovery, the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution will be violated to him irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant in all things the Defendant's Motion for Discovery and Inspection of Evidence, or in the alternative, that this Court will set the matter down for a hearing prior to trial on the merits, and that at such hearing, this motion will be in all things granted.

Respectfully Submitted,

/s/ Greg Gladden
Greg Gladden
Law Office of Greg Gladden
3017 Houston Avenue
Houston, Texas 77009
Phone: 713.880.0333
Fax: 713.880.4018
Texas State Bar No. 07991300
Southern District Federal ID No. 7236
*CJA Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **June 27, 2024**, I electronically filed the foregoing Motion for Discovery and Inspection of Evidence with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for CM/ECF and via email to Lisa Collins at Lisa.Collins@usdoj.gov.

Lisa Collins
Assistant United States Attorney
713-567-9691
lisa.collins@usdoj.gov

/S/ Greg Gladden
Greg Gladden