United States District Court
Southern District of Texas

AO 472 (Rev. 11/16) Order of Detention Pending Trial

**ENTERED**
March 07, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:22-cr-577 |
| Shakeil Anderson ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On March 5, 2026, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in a criminal indictment with RICO conspiracy, conspiracy to interfere with commerce by robbery, conspiracy to possess with intent to distribute a controlled substance, attempt to interfere with commerce by robbery, attempted murder in aid of racketeering, carrying a firearm during and in relation to a crime of violence, and conspiracy to commit VICAR murder.

This is a presumption case that Defendant is a danger to the community and flight risk. The Court finds that no evidence was offered to rebut the presumption of danger and no condition or combination of conditions will reasonably assure the saftey of the community and the appearance of the Defendant as required. For this reason alone, Defendant is ordered detained.

The Court also finds that detention is warranted under the 18 USC 3142 (g) factors. Defendant has a criminal history that includes three arrests for weapons charges, membership in the Free Money gang, which is a violent gang. The Court finds the following: Defendant is indicted in a gang member RICO conspiracy involving acts of violence, drugs and gun sales, and he is charged with drug trafficking offenses involving ten pounds of marijuana, cocaine, and methamphetamine, as well as robbery, attempted murder, carrying a firearm in relation to a crime of violence, and VICAR murder. Defendant was involved in planning and attempting a home invasion robbery and murder of a rival gang member which law enforcement was able to stop before it happened. Defendant was not arrested at that time. On August 22, 2022, Defendant was in his black Camero, and police attempted to stop him. He evaded the police, and then attempted to flee on foot. He was arrested in possession of a Glock with a switch, converting the semi-automatic gun into an automatic machinegun. Evidence includes a Title III recording of Defendant discussing the attempted murder of a rival gang member on September 6, 2022, in which Defendant participated and implicitly admitted shooting the victim multiple times, including in the head. He told his girlfriend that the victim survived the head shot. Years after the attempted murder and home invasion, Defendant moved to Louisiana to live with his father. Despite leaving town and getting a legitimate job, in May 2025, Defendant returned to Houston and was found in a vehicle with several of his gang members associates, and mulitple fully automatic firearms, including an AK47, AR 15, extended magazine for the AR 15, and Glock with a switch. Defendant was detained but released. Defendant controlled a chat group for the gang where they discussed drug prices, weapons available for sale, weapon prices, and set up meetings. On Defendant's Instagram account, he posted videos of automatic weapons, and himself holding a Glock.

The Defendant's Evidence

Defendant's sister testified that she would allow Defendant to live with her. He lived with her when he was released on a prior state and federal charge related to weapons. He apparently stayed out of trouble during that time period. He moved to Louisiana to get away from Houston and the bad influences here. He had a job with the city in which he lived. He was living with his dad. Both his sister and dad were willing to serve as third-party custodians. Neither was vetted before the hearing.

Pretrial Services Recommends Detention

Pretrial Services prepared a report recommending that Defendant be detained as a danger to the community and flight risk.

CONCLUSION

Based on the evidence presented at the hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1)   The evidence established that Defendant committed the offenses with which he is charged.   Pursuant to 18 U.S.C. § 3142(e)(3)(B), this creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required.

(2)   Defendant failed to rebut the presumption. Defendant is only 23 years old. The crimes in the indictment occurred in 2022 and earlier. At the time, Defendant was 19 years old and younger. All of the crimes he committed were done while he was living in Houston with his family. Moreoever, after he obtained a legitimate job living with his dad in Louisiana, he still returned to Houston to hang out with his gang member friends and was found in possession of multiple machineguns. This shows that Defendant continues to be a danger to the community. This also shows that his family is either unaware of his activities, unable to control him, or complicit. Thus, neither his sister nor dad is an appropriate custodian. This evidence is insufficient to rebut the presumption.

(3) The Government met its ultimate burden of persuasion and produced clear and convincing evidence that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The evidence indicates Defendant is a member of a violent gang, committed attempted murder of a rival gang member who he shot in the head and body multiple times, was involved in an attempted home invasion and attempted murder of another rival gang member, was involved in the sale of drugs and weapons, and continued to possess dangerous machineguns years later. The violent nature of the offenses with which Defendant is charged shows that Defendant cannot follow conditions of release and he would be a danger to the community if released. The evidence against defendant is overwhelming.

Accordingly, the Court finds that no condition or combination of conditions of release could be imposed upon Defendant that would reasonably ensure the safety of the community or his appearance as required; and therefore, it is Ordered that the Defendant shall be detained pending trial.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          03/06/2026                                   _Dena Palermo_
                                                            United States Magistrate Judge