**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Case No. 4:22-CR-577-10** |
| | : | |
| **TRAVONTE ARDOIN,** | : | **JUDGE ALFRED H. BENNETT** |
| | : | |
| **Defendant.** | : | |

**DEFENDANT TRAVONTE ARDOIN'S
MOTION TO DECLARE THIS MATTER A COMPLEX CASE AND
<u>VACATE THE EXISTING SCHEDULING ORDER INCLUDING TRIAL DATE</u>**

Now comes Defendant, Travonte Ardoin ("Ardoin"), who through counsel, and, pursuant to 18 U.S.C. § 3161, moves this Court to: (1) declare this matter a complex case, therefore tolling the time limits under 18 U.S.C. § 3161; (2) vacate the existing scheduling order; and (3) set a status conference date as this Court deems appropriate, so that the parties and Court may confer as to a new scheduling order. Reasons in support of this request are more fully stated in the attached memorandum in support.

Respectfully submitted,

/s/ Diane M. Menashe
Diane M. Menashe (Ohio Bar No. 0070305)
The Menashe Law Group LLC
1330 Dublin Road
Columbus, Ohio 43215
Phone: (614) 221-6500
Fax: (614) 481-0904
diane@menashelawgroup.com

/s/ Paul Matthew Morgan
State Bar No. 24077192
1523 Yale St.
Houston, TX 77008
(Phone) 281 386-9773
(Fax) 713 581-3360
paul@themorganlawfirm.com

COUNSEL FOR DEFENDANT

## MEMORANDUM IN SUPPORT

### I.    BACKGROUND

On November 16, 2022, the federal grand jury in the Southern District of Texas returned an Indictment charging Ardoin and eight others with four felony counts. (ECF No. 58). On January 8, 2026, the federal grand jury returned a Superseding Indictment charging Ardoin and nineteen others with eighteen felony counts.  (ECF No. 216). Specifically, Ardoin is charged with: Count One, RICO Conspiracy, in violation of 18 U.S.C. § 1962(d); Count Two, Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; Count Three, Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; Count Four, Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; Count Five, Causing Death by Firearm, in violation of 18 U.S.C. §§ 924(j)(1) and 2; Count Eight, Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); Count Nine, Attempt to Possess with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; Count Ten, Attempt to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); Count Eleven, Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; Count Fourteen, Carrying of a Firearm During and in Relation to a Violent Crime, in violation of 18 U.S.C. §§

2

924(c)(1)(A)(i) and 2; Count Fifteen, Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); and Count Eighteen, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846.

On January 9, 2026, this Court set the following amended case schedule: pretrial motions to be filed by May 8, 2026; responses to be filed by May 22, 2026; pretrial conference to be held June 8, 2026; jury selection and trial to be held June 15, 2026. (ECF No. 231).

Though the Superseding Indictment does not contain a Notice of Special Findings establishing the eligibility of any counts for the death penalty, Count Two as charged against Terry Ardoin and Travone Ardoin is potentially eligible for punishment by death under statute, and the Government has otherwise represented that this case is noticed for consideration of the death penalty. Accordingly, on February 25, 2026, this Court appointed Diane Menashe as learned counsel to represent Ardoin alongside co-counsel Paul Morgan. (ECF No. 357). On March 20, 2026, Diane Menashe filed a Notice of Appearance as Learned Counsel.

A decision as to whether the Government will seek the death penalty against Ardoin and Terry Ardoin is likely to involve presentation before the United States Department of Justice's Capital Case Committee and then a subsequent decision by the Case Committee as to whether they will seek or not seek the death penalty against these two Defendants.

## II.    LAW AND ARGUMENT

A court must set a case for trial "at the earliest practicable time . . . so as to assure a speedy trial." 18 U.S.C. § 3161(a). Generally, this requires a defendant being brought

3

to trial within seventy days of his initial appearance or from the public filing of the indictment, whichever last occurs. 18 U.S.C. § 3161(c)(1). However, certain periods of delay are excluded in computing the time within which trial must commence, including the delay resulting from a continuance granted by the Court on its own motion or at the request of the defendant or the Government, so long as "the ends of justice served" by granting such continuance outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

These "ends-of-justice continuances" provide the Court discretion, subject to limitations and specific procedures, to accommodate "case-specific needs." *Zedner v. United States*, 547 U.S. 489, 498 (2006). In exercising its discretion to grant an ends-of-justice continuance, the Court must consider, among other factors: (i) whether failing to grant a continuance would "result in a miscarriage of justice[;]" and (ii) whether the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(i)–(ii).

This case, as alleged in the Superseding Indictment, is complex. The purported conspiracy described in the Superseding Indictment is alleged to have spanned ten years, from January 1, 2016, through January 8, 2026, and involved investigation by numerous federal, state, and local agencies. The purported conspiracy centers on a structured, hierarchical gang, which is itself part of a larger gang alliance in conflict with a rival gang alliance. An elaborate web of communications involving social media, phone calls, and text messages allegedly connects members of the conspiracy and supports the acts

4

alleged in the Superseding Indictment. The alleged acts of the conspiracy include drug trafficking, murder or attempted murder of five individuals, robbery, and trafficking in firearms. In total, there are eighteen charged counts and twenty defendants.

Because of the complex nature of this case, discovery is voluminous and includes, for example, investigative reports from federal and state agencies, materials obtained through subpoenas, search warrants, and other methods (including wiretaps), social media records, forensic extractions of communications devices, like cell phones, court documents, transcripts, and reports of various forensic examinations, including DNA, medical examiner reports, and items of physical evidence. The volume of the discovery has required the Government to contract with a coordinating discovery attorney and defense counsel will require substantial time to thoroughly review the discovery, conduct any necessary follow-up investigation, advise their clients of the nature of the evidence against them, and research, prepare, and file any necessary pretrial motions.

Further, as described above, the Government has noticed its intention to consider whether to seek the death penalty for Ardoin and his co-Defendant, Terry Ardoin. With respect to Ardoin and his co-Defendant, the United States Department of Justice death penalty protocol procedures to determine whether this case will or will not authorized as a capital case will require defense counsel to accumulate mitigation information to present to the United States Attorney and the Attorney General of the United States.

## III.   CONCLUSION

For the foregoing reasons, Ardoin requests that this Court: (1) declare this matter a complex case, therefore tolling the time limits under 18 U.S.C. § 3161; (2) vacate the

existing scheduling order; and (3) set a status conference date as this Court deems appropriate, so that the parties and Court may confer as to a new scheduling order.

Respectfully submitted,

/s/ Diane M. Menashe
Diane M. Menashe (Ohio Bar No. 0070305)
The Menashe Law Group LLC
1330 Dublin Road
Columbus, Ohio 43215
Phone: (614) 221-6500
Fax: (614) 481-0904
diane@menashelawgroup.com

/s/ Paul Matthew Morgan
State Bar No. 24077192
1523 Yale St.
Houston, TX 77008
(Phone) 281 386-9773
(Fax) 713 581-3360
paul@themorganlawfirm.com

COUNSEL FOR DEFENDANT

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on March 30, 2026, via the electronic case filing system of the Southern District of Texas, which sent a notice of this filing to all interested parties.

/s/ Diane M. Menashe
Diane M. Menashe (Ohio Bar No. 0070305)

7