UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM NO: 4:22-CR-577-7 |
| | § | |
| JAKOBE ANDERSON | § | |

**DEFENDANT JAKOBE ANDERSON'S SUPPLEMENT TO MOTION
TO DISMISS INDICTMENT, OR, IN THE ALTERNATIVE, FOR
BILL OF PARTICULARS**

TO THE HONORABLE ALFRED H. BENNETT, UNITED STATES DISTRICT JUDGE:

Defendant Jakobe Anderson ("Mr. Anderson") files this supplement to his pending

Motion to Dismiss Indictment. Doc. 372. The purpose of this supplement is to clarify the counts

at issue, identify the specific defects as to Mr. Anderson, and state the relief requested for the

May 13, 2026, hearing.

**I. RELIEF REQUESTED**

Mr. Anderson respectfully asks the Court to:

1. **Dismiss Count One** as to Mr. Anderson because the Superseding Indictment is internally
   inconsistent as to whether he is charged in the RICO conspiracy and alleges no Anderson-
   specific facts establishing his agreement, role, predicate acts, or participation;

2. **Dismiss Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, and Eighteen** as
   to Mr. Anderson because those counts name him only through group pleading and fail to
   allege what he personally did, agreed to do, possessed, carried, knew, intended, or aided
   and abetted;

1

3. **Alternatively, order a bill of particulars** under Federal Rule of Criminal Procedure 7(f) requiring the government to identify the factual basis for each count against Mr. Anderson, including the alleged acts, agreements, dates, locations, participants, communications, firearms, possession theories, predicate offenses, controlled substances, and quantity attributions; and

4. Grant any further relief the Court deems just.

Mr. Anderson clarifies that Counts Six, Fourteen, and Sixteen do not name him as a charged defendant and are not dismissal targets as to him through this supplement.

## II. COUNT-BY-COUNT DEFECTS

| Count | Charge | Defect as to Mr. Anderson | Requested Relief |
|---|---|---|---|
| **One** | RICO conspiracy, 18 U.S.C. § 1962(d) | Anderson appears in the caption and later sentencing factor but is omitted from the operative RICO lists in paragraphs 1 and 18; no Anderson-specific overt act, predicate act, agreement, or role is alleged. | Dismiss or require particulars. |
| **Eight** | Hobbs Act robbery conspiracy, 18 U.S.C. § 1951(a) | Group pleading; no Anderson-specific agreement, role, act, location, or communication alleged. | Dismiss or require particulars. |
| **Nine** | Attempted possession with intent to distribute marijuana, 21 U.S.C. §§ 841, 846 | No substantial step, aiding-and-abetting conduct, location, vehicle, marijuana, or drug role alleged as to Anderson. | Dismiss or require particulars. |
| **Ten** | Attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) | No Anderson-specific substantial step, intent, presence, role, | Dismiss or require particulars. |

| | | or communication alleged. | |
|---|---|---|---|
| **Eleven** | VICAR attempted murder of C.S., 18 U.S.C. §§ 1959(a)(5), 2 | No Anderson-specific intent, enterprise-status purpose, weapon, vehicle, act, or aiding-and-abetting conduct alleged. | Dismiss or require particulars. |
| **Twelve** | Machinegun possession, 18 U.S.C. § 922(o) | No firearm location, possession theory, knowledge facts, proximity, or aiding-and-abetting theory alleged as to Anderson. | Dismiss or require particulars. |
| **Thirteen** | § 924(c) firearm during drug trafficking crime | Predicate is ambiguous: Count Thirteen refers to "conspiring" while citing Count Nine, which is pleaded as an attempt; no firearm nexus alleged as to Anderson. | Dismiss or require particulars. |
| **Fifteen** | VICAR conspiracy to murder C.S., 18 U.S.C. § 1959(a)(5) | No Anderson-specific agreement, purpose, communication, presence, or role alleged. | Dismiss or require particulars. |
| **Eighteen** | Drug conspiracy, 21 U.S.C. § 846 | Broad multi-year conspiracy with no Anderson-specific transaction, supplier, customer, communication, location, substance, date, or factual quantity basis. | Dismiss or require particulars. |

### III. LEGAL STANDARD

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must fairly inform the accused of the charge and permit him to plead double jeopardy in a later prosecution. *Russell v. United States*, 369 U.S. 749 (1962); *Hamling v. United States*, 418 U.S. 87 (1974). The Fifth Circuit asks

3

whether the indictment alleges each essential element, provides notice, and protects against double jeopardy. *United States v. Kay*, 359 F.3d 738 (5th Cir. 2004). On a Rule 12 facial challenge, the Court accepts the indictment's allegations as true and determines whether an offense has been stated. *United States v. Hogue*, 132 F.3d 1087 (5th Cir. 1998); *United States v. Fontenot*, 665 F.3d 640 (5th Cir. 2011).

If dismissal is not granted, Rule 7(f) permits a bill of particulars. A bill of particulars is appropriate to inform the defendant of the charge with sufficient precision to prepare a defense, avoid unfair surprise, and protect against double jeopardy. *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986); *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978).

## IV. ARGUMENT

### A. Count One is internally inconsistent as to Anderson.

Count One is unclear on its face. Although Mr. Anderson appears in the caption, he is omitted from paragraph 1's list of alleged FREE MONEY members and associates and omitted from paragraph 18's list of alleged RICO conspirators. He later appears in paragraph 223(d), a special sentencing factor. This creates material ambiguity as to whether he is charged in Count One at all.

The indictment's length does not cure the problem. The overt-act section identifies many acts by other defendants, but no overt act by Mr. Anderson. Nor does Count One identify the predicate acts he allegedly agreed would be committed, his alleged role in the enterprise, or the facts showing his knowing agreement. Count One should be dismissed as to Mr. Anderson or particularized.

***B. The August 14 counts rely on group pleading, not Anderson-specific facts.***

Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fifteen arise from the alleged August 14, 2022, episode involving a planned robbery and alleged violence toward C.S. The indictment names Mr. Anderson in lists, but the factual narrative attributes the planning, communications, vehicle movement, flight, and firearms conduct to other people. It does not allege whether Mr. Anderson attended the meeting, joined the plan, entered a vehicle, possessed a firearm, handled drugs, communicated with any participant, or took any substantial step.

This is not a challenge to the sufficiency of the government's evidence. It is a facial notice challenge. The indictment does not tell Mr. Anderson what he allegedly did or agreed to do. These counts should be dismissed or, at minimum, the government should be ordered to particularize its theory.

***C. Counts Twelve and Thirteen require particularized notice.***

Count Twelve alleges machinegun possession but does not identify the firearm's location, the possession theory, Anderson's proximity to the firearm, or facts showing knowledge. That matters because machinegun prosecutions require proof that the defendant knew the weapon had the characteristics bringing it within the statutory definition. *Staples v. United States*, 511 U.S. 600 (1994).

Count Thirteen is also ambiguous. It alleges a § 924(c) offense during a drug-trafficking crime and refers to "conspiring" while citing Count Nine, which is pleaded as an attempt count. It also fails to identify the firearm, use/carry theory, or nexus to the predicate as to Mr. Anderson. Counts Twelve and Thirteen should be dismissed or particularized.

5

***D. Count Eighteen is too broad as pleaded against Anderson.***

Count Eighteen alleges a multi-year, multi-defendant drug conspiracy involving multiple controlled substances and collective quantity attributions. As to Mr. Anderson, however, it identifies no transaction, supplier, customer, communication, drug location, controlled substance, date of entry, or factual quantity basis. If the count is not dismissed, the government should be required to specify the factual basis for the drug conspiracy and quantity allegations as to Mr. Anderson.

## V. CONCLUSION

For these reasons, Mr. Anderson respectfully requests that the Court dismiss Count One and Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, and Eighteen as to him. Alternatively, he asks the Court to order the government to provide a bill of particulars identifying, count by count, the factual basis for the charges against him.

Respectfully submitted,

*/s/ Anthony P. Troiani*
Anthony P. Troiani
Texas Bar No. 00795914
Federal I.D. No. 20607
**ANTHONY P. TROIANI, P.C.**
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Telephone: (713) 520-7701
Facsimile: (713) 520-8612
Email: anthony@troianilaw.com
Attorney for Defendant
***JAKOBE ANDERSON***

6

**Certificate of Service**

I certify that on this 7th day of May 2026, a true and correct copy of the foregoing Concise Supplement to Motion to Dismiss Indictment, or, in the Alternative, for Bill of Particulars was served on all counsel of record through the Court's CM/ECF system.

*/s/ Anthony P. Troiani*
Anthony P. Troiani

**Certificate of Conference**

Counsel for Defendant certifies that counsel has attempted to confer, with counsel for the United States regarding the relief requested in this supplement. This supplemental motion is being filed as opposed at this time.

*/s/ Anthony P. Troiani*
Anthony P. Troiani