**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

    **v.**

**1) JCOI BARLEY,**
**a/k/a "SMILEY,"**

**(2) WALTER HARRIS,**

**(3) TERRELL DAVIS,**
**a/k/a "RELL D,"**

**(4) WALTER TOLBERT,**
**a/k/a "LIL WALT,"**

**(5) SHAKEIL ANDERSON,**
**a/k/a "KEIL" and "32,"**

**(6) QUINCY ANDERSON,**
**a/k/a "Q,"**

**(7) JAKOBE ANDERSON,**
**a/k/a "24,"**

**(8) CHASE FRANKLIN-WILLIAMS,**
**a/k/a "JANKY,"**

**(9) TERRY ARDOIN,**                    **CASE NO. 4:22-cr-00577**
**a/k/a "JERICHO" and "TERRIO,"**

**(10) TRAVONTE ARDOIN,**

**(11) DEANDRE THOMPSON,**
**a/k/a "MAN MAN,"**

**(12) DERRICK BLAND,**

1

**(13) EMERY GOODLEY,**
a/k/a "EJ,"

**(14) JYMONTE MCCLENDON,**
a/k/a "TUTTIE" and "RED FOX,"

**(15) MARK ATLEE,**
a/k/a "LIL MARK,"

**(16) MAURKAEL BROWN,**
a/k/a "KAEL,"

**(17) ORLANDER CALLOWAY,**
a/k/a "TUEY,"

**(18) JAYLON LEVINE,**

**(19) JASON ARGUETA,**
a/k/a "JASO" and "JAYSO,"

and

**(20) JOSE QUIROZ,**
a/k/a "JR."

**Defendants.**

### GOVERNMENT'S RESPONSE TO JAKOBE ANDERSON'S MOTION TO DISMISS INDICTMENT, OR IN THE ALTERNATIVE, FOR BILL OF PARTICULARS

COMES NOW the United States of America, by and through the Acting United States Attorney John G.E. Marck, and the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, files its Response to the Defendant Jakobe Anderson's SUPPLEMENT TO MOTION TO DISMISS INDICTMENT, OR IN THE ALTERNATIVE, FOR BILL OF PARTICULARS, and hereby requests that this Court deny the Defendant's motion based upon the

2

argument outlined herein. In support of this Response, the Government would respectfully show as follows:

## I.  STATEMENT OF FACTS

On November 16, 2022, Defendants Jcoi Barley, Terell Davis, Chase Franklin-Williams, Jakobe Andreson, Maurkael Brown, Terry Ardoin, Travonte Ardoin, Emery Goodley and Jymonte McClendon, were charged in a four-count indictment (4:22-CR-577). All the defendants were charged with conspiracy to commit robbery, in violation of 18 U.S.C. §§ 1951(a); conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846; and using a firearm in furtherance of a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.[1]

On July 30, 2025, Defendants Terry Ardoin and Travonte Ardoin were charged in a four-count indictment (4:25-CR-406) with the murder of one person and the attempted murder of another.   Count One charges the Defendants with murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2. Count Two charges the Defendants with attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2. Count Three charged the Defendants with using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count Four charges the Defendants causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(j) and 2.

On January 8, 2026, a superseding indictment was filed in case 4:22-CR-577 which charged the original nine defendants, and eleven other defendants in eighteen count indictment which included violations of racketeering conspiracy, in violation of 18 U.S.C. §§ 1962 (d);

---

[1]  Four of the defendants, not Terry and Travonte Ardoin, are also charged with using and carrying a machinegun during and in relation to a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(b)(ii) and 2.

murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(j) and 2; conspiracy to commit robbery and attempt to commit robbery, in violation of 18 U.S.C. §§ 1951(a); conspiracy and attempt to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); and, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1).

Here, Defendant Jakobe Anderson requests Count One, RICO Conspiracy, be dismissed for want of "specific facts establishing his agreement, role, predicate acts, or participation." However, Defendant Jakobe Anderson is **not** charged in Count One. Defendant Jakobe Anderson further requests Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, and Eighteen be dismissed for want of specificity. In the alternative Defendant prays for a Bill of Particulars for each of the previously listed Counts. In sum, Defendant requests a Bill of Particulars that spells out all overt acts in the conspiracy, role in the enterprise, facts showing agreements, and in one instance requests "proximity to the firearm" in connection with Counts Twelve and Thirteen. As set forth herein, Defendant has been provided adequate notice and is not entitled to what amounts to a detailed exposition of the government's evidence or explanation of the legal theories upon which it intends to rely on at trial.

## II. LAW AND ARGUMENT

An indictment need only be specific enough to allow the defendant to know the crime with which he is charged and prepare a defense and to enable the defendant to invoke the double jeopardy clause if he is subject to any subsequent prosecution for the same offense. *United States*

4

*v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Similarly, "[t]he purpose of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution" *United States v. Djuga*, Crim. A. No. 14-140, 2015 WL 1412100, at *2 (E.D. La. Mar. 25, 2015) (quoting *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977)).

The purpose of a bill of particulars is not to provide, nor should the defendant use it to obtain, a detailed disclosure before trial of the government's evidence.  See *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (holding that denial of defendant's motion for a bill of particulars requesting exact location information of the illegal act in an multi-count, interstate auto-theft case, was neither prejudicial nor an abuse of the district court's discretion); see also *Djuga*, 2015 WL 1412100, at *2 (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). As such, defendants are not entitled to discover all the overt acts that might be proved at trial through a bill of particulars.  See *Kilrain*, 566 F.2d at 985.

A defendant is not prejudiced by the government's indictment which lacks the dates and locations of all conduct in furtherance of the alleged conspiracy, nor is he prejudiced where the government proves overt acts not stated in the indictment or in a bill of particulars.  See *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (citing *United States v. Diecidue*, 603 F.2d 535, 563 (5th Cir. 1979)); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will

prove in establishing a conspiracy charge."). This is especially true in RICO conspiracy prosecutions, where the defendant is not entitled to have any overt acts alleged in the indictment at all. *See, e.g.*, *Salinas v. United States*, 522 U.S. 52, 53 (1997) (holding that RICO conspiracy does not have any overt act requirement); *United States v. Posada-Rios*, 158 F.3d 832, 859 (5th Cir. 1998); *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) (stating that indictments for RICO conspiracy charges do not require the allegation of any overt acts); *United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979); *United States v. Payden*, 613 F. Supp. 800, 817 (S.D.N.Y. 1985).

A request for such evidence is actually a request for disclosure of the entirety of the Government's evidence. A Bill of Particulars is not meant for this purpose. *See Murray*, 527 F.2d at 411 ("[a bill of particulars] may not be used to obtained a detailed disclosure of the government's evidence prior to trial."); *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) ("Appellant's request for the 'when, where and how' of any overt acts not alleged in the indictment was tantamount to a request for 'wholesale discovery of the Government's evidence,'" which is not the purpose of a bill of particulars under Fed.R.Crim.P. 7(f).") Although the Defendant is entitled to know the offense with which he is charged, he is not entitled to know the details of how the offense will be proved. *See Glecier,* 923 F.2d at 502. As such details do not inform the Defendant about the offense charged, but rather the details of how the offense will be proven, a bill of particulars cannot be used to explore the government's list of witnesses or the evidentiary details of its case. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The Defendant's motion is, in actuality, a request for wholesale discovery of all of the Government's evidence. It, in essence, requests that the Government provide the details of any and all overt acts upon which the Government may rely at trial (specifically, it asks for "precisely

the when, where and to whom the distribution was targeted during the time frame alleged"). However, the Defendant is not entitled to such information and the Government may rely on acts that are not included in the indictment; this is particularly true as the RICO conspiracy charge does not require the allegation of any overt act, and thus what the Indictment already includes is more than the Defendant had any right to demand.  *See Colson*, 662 F.2d at 1391; *Giese*, 597 F.2d at 1180-81; *Payden*, 613 F. Supp. at 817.   As such the Defendant has been adequately notified of the crime with which he is charged, such that he can defend himself and avoid double jeopardy, the Defendant is not entitled to the requested Bill of Particulars.

### III. CONCLUSION

WHEREFORE, because of the detailed and specific nature of the charges contained in the Superseding Indictment, coupled with the extensive discovery already provided to the Defendant, the Government submits that a Bill of Particulars is not warranted in this case. Based on the foregoing, the Government requests Defendant's Motion be DENIED based on the reasoning set forth herein.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas


/s/Charles Hagerman
Charles Hagerman
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Tel: (713) 567-9514
Email: charles.hagerman@usdoj.gov

DAVID L. JAFEE
Chief, Violent Crime and Racketeering Section
United States Department of Justice


/s/Ralph Paradiso
Ralph Paradiso
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorney of record, and noticed to attorneys for each of the co-defendants in this case.

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas

/s/Charles Hagerman
Charles Hagerman
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Tel: (713) 567-9514
Email: charles.hagerman@usdoj.gov

DAVID L. JAFEE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

/s/Ralph Paradiso
Ralph Paradiso
Trial Attorney