## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**UNITED STATES OF AMERICA**

    **v.**

**1) JCOI BARLEY,**
**a/k/a "SMILEY,"**

**(2) WALTER HARRIS,**

**(3) TERRELL DAVIS,**
**a/k/a "RELL D,"**

**(4) WALTER TOLBERT,**
**a/k/a "LIL WALT,"**

**(5) SHAKEIL ANDERSON,**
**a/k/a "KEIL" and "32,"**

**(6) QUINCY ANDERSON,**
**a/k/a "Q,"**

**(7) JAKOBE ANDERSON,**
**a/k/a "24,"**

**(8) CHASE FRANKLIN-WILLIAMS,**
**a/k/a "JANKY,"**

**(9) TERRY ARDOIN,**
**a/k/a "JERICHO" and "TERRIO,"**

**(10) TRAVONTE ARDOIN,**

**(11) DEANDRE THOMPSON,**
**a/k/a "MAN MAN,"**

**(12) DERRICK BLAND,**

**(13) EMERY GOODLEY,**
**a/k/a "EJ,"**

**(14) JYMONTE MCCLENDON,**

**CASE NO. 4:22-cr-00577**

a/k/a "TUTTIE" and "RED FOX,"

(15) MARK ATLEE,
a/k/a "LIL MARK,"

(16) MAURKAEL BROWN,
a/k/a "KAEL,"

(17) ORLANDER CALLOWAY,
a/k/a "TUEY,"

(18) JAYLON LEVINE,

(19) JASON ARGUETA,
a/k/a "JASO" and "JAYSO,"

     and

(20) JOSE QUIROZ,
a/k/a "JR."

      **Defendants.**

## MOTION FOR PROTECTIVE ORDER

The United States of America, by and through John G.E. Marck, Acting United States Attorney for the Southern District of Texas, Assistant United States Attorney, Charles Hagerman, and Trial Attorney, Ralph Paradiso, of the United States Department of Justice, Violent Crime and Racketeering Section, respectfully file this Motion for a Protective Order Governing Discovery. The United States consulted with counsel for the above-referenced defendants.

Counsel for defendants Walter Tolbert, Emery Goodley, Terry Ardoin, Terrel Davis, Jaylon Levine, Jason Argueta, Deandre Thompson, Derrick Bland, Jymonte McClendon, Chase Franklin-Williams, Mark Atlee, and Walter Harris are opposed.[1]

---

[1] Counsel has noted the restriction on sharing names of witnesses/cooperators with their client as the primary concern.

Counsel for defendant Travonte Ardoin and Jose Quiroz have indicated they are unopposed to the motion.

Counsel for defendant Jcoi Barley, Shakeil Anderson, Qunicy Anderson, Jakobe Anderson, Maurkael Brown, and Orlander Calloway have not indicated whether he is opposed or unopposed to this Motion.

The Court can regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d). *See* Fed. R. Crim. P. 16(d)(1). Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *United States v. Barbeito*, 2009 U.S. Dist. LEXIS 102688 (S.D. W. Va. Oct. 30, 2009); *see also United States v. Moore*, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (unpublished).

Pursuant to Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3500, the United States moves for a protective order governing discovery, and in support thereof states as follows:

1.    On November 16, 2022, Defendants Jcoi Barley, Terell Davis, Chase Franklin-Williams, Jakobe Andreson, Maurkael Brown, Terry Ardoin, Travonte Ardoin, Emery Goodley and Jymonte McClendon, were charged in a four-count indictment (4:22-CR-577). All the defendants were charged with conspiracy to commit robbery, in violation of 18 U.S.C. §§ 1951(a); conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846; and using a firearm in furtherance of a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.[2]

---

[2]  Four of the defendants, not Terry and Travonte Ardoin, are also charged with using and carrying a machinegun during and in relation to a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(b)(ii) and 2.

3

2.      On July 30, 2025, Defendants Terry Ardoin and Travonte Ardoin were charged in a four-count indictment (4:25-CR-406) with the murder of one person and the attempted murder of another.  Count One charges the Defendants with murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2. Count Two charges the Defendants with attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2. Count Three charged the Defendants with using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count Four charges the Defendants causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(j) and 2.  United States District Judge Alfred H. Bennett signed a protective order in this case that covered the discovery provided by the government (ECF 30).

3.      On January 8, 2026, a superseding indictment was filed in case 4:22-CR-577 which charged the original nine defendants, and eleven other defendants in eighteen count indictment which included violations of racketeering conspiracy, in violation of 18 U.S.C. §§ 1962 (d); murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(j) and 2; conspiracy to commit robbery and attempt to commit robbery, in violation of 18 U.S.C. §§ 1951(a); conspiracy and attempt to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); and, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1).

4.      On March 9, 2026, the Government dismissed the charges in 4:25-CR-406 (ECF 46) since those charges were incorporated in the Superseding Indictment filed in 4:22-CR-577.

5.      The United States alleges that the Defendants are members of and/or associates of the Free Money criminal street gang.  The United States alleges that Free Money members and

associates intimidate and discourage witnesses from cooperating with law enforcement and have been known to retaliate by using physical force, such as beating and shooting witnesses they believe are assisting or are cooperating with law enforcement.

6.      The discovery materials in this case are sensitive. They pertain to an investigation of a violent criminal enterprise known as Free Money, which is, in part, ongoing. There have been both threats of violence and acts of violence. The integrity of the government's investigative efforts and safety of individuals could be jeopardized if information contained in the discovery materials were made widely available. Thus, the government submits that the life and safety concerns for the people involved in this case and the continuing investigation constitute good cause to enter the proposed protective order.

## WITNESS MATERIALS

7.      In this case, discovery materials include witness statements such as video/audio recordings, written transcripts, and law enforcement summaries of witness interviews ("Witness Materials").  Some of the Witness Materials contain recorded statements and video, and/or summaries of statements provided by victims, confidential human sources (CHS), codefendants, and other witnesses.  Contained within the discovery is information that could be used to identify a victim, CHS, codefendants, and/or witnesses.  In addition, many of the law enforcement reports and affidavits used to obtain legal process in this case contain information that could be used to identify a victim, CHS codefendants, and/or witnesses.

8.      A victim, codefendants, and/or witnesses could be placed at significant risk of retaliation if their identities were revealed without appropriate protections.  Law enforcement officers have spoken to victims, CHSs and witnesses who have expressed concern for their, and their families' safety, should the defendants, or other members or associates of the gang, become aware of their cooperation with law enforcement at this early stage in the case.

9. The United States is not required to produce witness statements until after a witness has testified on direct examination. 18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 26.2; *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979), *United States v. Murphy*, 569 F.2d 771, 774 n.10 (3d Cir. 1978). Moreover, there is no requirement in case law, statute, or rule that the Government identify every possible government witness. In fact, the Jencks Act was specifically designed to protect witness' identities. *See* 18 U.S.C. § 1600 (requiring disclosure of Jencks material after the witness testifies). In sum, the United States has no obligation to make early disclosure of Jencks material or provide a list of trial witnesses in advance of trial.

10. To balance the United States' right to comply with the strict terms of the Jencks Act, the Court's right to efficiently manage trial proceedings, and the need for the defendants to adequately prepare for trial, the United States proposes a compromise regarding Witness Materials. The United States proposes the Court issue a protective order to address both the safety concerns of the United States' witnesses while balancing the need for the defense to have adequate time to prepare for trial.

## BODY WORN CAMERA

11. The government also seeks a protective order regarding law enforcements' Body Worn Camera (BWC) materials in this case in order to facilitate the prompt exchange of BWC materials to the defense, while protecting the privacy rights and safety concerns of crime victims, witnesses, and third parties who appear in BWC footage. The proposed protective order will limit the viewing, use, dissemination, and retention of BWC materials that contain personal identifying information and other sensitive information. However, the proposed protective order *also* provides the *legal* defense team with early access to these materials, and the flexibility to use those materials to prepare for trial. The legal defense team includes counsel for defendants, members of defense counsels' law offices who are assisting with the preparation of defendant's defense, paralegals,

6

law clerks, discovery coordinators, investigators, and/or experts retained by defendant or assigned by the Court to assist in the defense of this matter (hereinafter collectively known as "Authorized Defense Representatives").

## MEDICAL AND AUTOPSY MATERIALS

12.    The government also seeks a protective order regarding any and all medical and/or autopsy materials, such as documents, photographs, and/or video, in this case in order to facilitate the prompt exchange of these materials to the defense, while protecting the privacy rights of the victims or injured parties. The proposed protective order will limit the viewing, use, dissemination, and retention of medical and autopsy materials that contain personal identifying information and other sensitive information. However, the proposed protective order *also* provides the *legal* defense team with early access to these materials, and the flexibility to use those materials to prepare for trial.

## CO-DEFENDANT INFORMATION

13.    The government also seeks a protective order regarding any and all criminal histories, gang tracker data and/or financial information for the defendants and other persons in this case in order to facilitate the prompt exchange of these materials to the defense, while protecting the privacy rights of the victims or injured parties. The proposed protective order will limit the viewing, use, and dissemination that contain personal identifying information and other sensitive information. However, the proposed protective order *also* provides the *legal* defense team with early access to these materials, and the flexibility to use those materials to prepare for trial and the legal defense team can share their client's material with their own client.

## SOCIAL MEDIA AND CELL PHONE DATA

14.    The discovery material contains social media accounts, such as Instagram, as well as cellphone extractions (collectively "Extractions"). Contained within these extractions are

7

personal identifying information (described below), sexually explicit photographs, photographs of family members and friends, to include minor children.  These extractions have been provided in discovery in order to facilitate the prompt exchange of these materials to the defense, while protecting the privacy rights of the victims or injured parties. The proposed protective order will limit the viewing, use, and dissemination that contain personal identifying information and other sensitive information. However, the proposed protective order *also* provides the *legal* defense team with early access to these materials, and the flexibility to use those materials to prepare for trial and the legal defense team can share their client's material with their own client.

## DEFENDANT INTERVIEWS

15.     The government also seeks a protective order regarding any and all interviews of codefendants in this case.  The government has provided defendants with the post-arrest interviews of their codefendants in order to facilitate the prompt exchange of  these materials to the defense, while protecting the privacy rights of the codefendants in this case.  In some instances, a defendant may have implicated other Free Money members and/or associates in their crimes which could make the speaker and/or the speaker's family members a target for violence and/or retaliation.  The proposed protective order will limit the viewing, use, and dissemination of codefendants statements and interviews.  However, the proposed protective order *also* provides the *legal* defense team with early access to these materials, and the flexibility to use those materials to prepare for trial and the legal defense team can share their client's material with their own client.

## REQUESTED PROTECTIVE ORDER

16.     The discovery material routinely contains personal identifying information and other sensitive information of crime victims, witnesses, and third parties, such as:

- Name/Nickname;
- Date of birth;
- Social security or taxpayer identification number;
- Driver's license or non-driver's license identification card number;

- Home, work, or school addresses;
- Telephone numbers, cellular phone numbers, or email addresses;
- Relatives, including names and contact information;
- Credit card, bank, debit, or other financial account numbers or information;
- Medical or mental health history information; or
- Usernames, user identifications, and passwords.

17.     Defense counsel shall keep all discovery material in their constant care, custody, and control, and shall not disclose any discovery material or their contents directly or indirectly to any person or entity other than Authorized Defense Representatives, who shall be provided with a copy of the Protective Order and bound by it to the same extent as defense counsel.

18.     Defense counsel and the Authorized Defense Representatives shall use the discovery materials solely for the defense of the above-captioned case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

19.     Defense counsel and the Authorized Defense Representatives must ensure that neither the defendant, nor other court-authorized persons, views or hears discovery material that includes personal identity or highly sensitive information regarding a witness as set forth in the proposed order.

20.     Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3500, the United States submits that the safety of victim, CHS, codefendants, and/or witnesses can be ensured without impairing the right of the defendants to a fair trial, by the Court entering a Protective Order requiring the following:

a.     Any materials that contain recordings (audio or video), transcripts and/or translations of those recordings, and/or summaries of witness statements, including any law enforcement Body Worn Camera, will be described herein as "Witness Materials."

b.     Defense counsel shall keep all Witness Materials in their constant care, custody, and control, and shall not disclose any Witness Materials or their contents directly

or indirectly to any person or entity other than Authorized Defense Representatives, who shall be provided with a copy of the Protective Order and bound by it to the same extent as defense counsel.

        c.      Defense counsel and Authorized Defense Representatives may discuss the contents of Witness Materials with their respective clients but ***shall not*** (1) provide the names or any identifying information of the CHSs or witnesses to the Defendants, (2) provide copies of the Witness Materials to the Defendants, or (3) provide written summaries of the Witness Materials to the Defendants.

        d.      Defense counsel and Authorized Defense Representatives must ensure that the defendant and other court-authorized viewers do not photograph, take screen shots, or otherwise duplicate the Witness Materials.

        e.      The Discovery Coordinator will label these materials "Attorney Eyes Only".

21.      Defense counsel shall keep all Medical and Autopsy materials in their constant care, custody, and control, and shall not reproduce these materials except as needed to submit as exhibits for Court.

22.      Defense counsel shall keep all codefendant information, social media and cellphone data. Defense counsel or Authorized Defense Representatives may show their respective client any data wherein their client is a participant, discussed, or if it relates to the charged offenses. However, Defense counsel shall keep all other codefendant information, social media and cellphone data in their possession to protect this information. This order does not prevent defense counsel from sharing their client's own information, social media and cellphone data with their client.

**WHEREFORE**, in the interest of justice and to ensure the safety of the witnesses, the United

States respectfully requests this Court to grant this motion and enter the proposed Protective Order.

Respectfully submitted this 12th day of May, 2026.

Respectfully submitted,

JOHN G.E. MARCK
United States Attorney
Southern District of Texas

*/s/ Charles Hagerman*
CHARLES HAGERMAN
Assistant United States Attorney

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

*/s/Ralph Paradiso*
RALPH PARADISO
Trial Attorney

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 12, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

/s/ Charles Hagerman
CHARLES HAGERMAN
Assistant United States Attorney