IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                           **4:22-CR-577**

**MARK ATLEE**

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

The Defendant, Mark Atlee, respectfully files this Motion to Dismiss the Indictment pursuant to 18 U.S.C. § 5032 ("§ 5032) because the Prosecution failed to receive the requisite authority from the Attorney General allowing the District Court to have jurisdiction to prosecute Defendant for crimes allegedly committed while a juvenile. Further, no procedures exist that would have transferred this case from juvenile proceedings to adult proceedings. All in violation of Defendant's rights and shows the Court as follows:

The Juvenile Justice and Delinquency Prevention Act ("Act" or "JDA"), 18 U.S.C. § 5032 defines a "juvenile" as a person who has not attained his eighteenth birthday or who committed an alleged offense prior to his eighteenth birthday, and who has not attained his twenty-first birthday prior to the filing of the charging information. 18 U.S.C. § 5031, see also United States v. Juvenile Male #1, No. 08-4062, p. 3, ftn 1 (4th Cir., January 23, 2009). United States v. Wong, 40 F.3d 1347,

1367 (2nd Cir. 1994) (A RICO conspiracy and controlled substance case – "This court has held that a defendant can be held criminally liable for pre-eighteen conduct so long as the prosecution begins after the defendant is twenty-one years of age, thereby precluding application of the JDA").

The JDA establishes significant procedural hurdles in order to prosecute a juvenile. First, under 18 U.S.C. § 5032, the Government may initiate a juvenile proceeding only by filing a delinquency information, and not an indictment.

Second, a United States Attorney must certify one of three potential jurisdictional bases for proceeding in federal court: (1) that no state possesses, or is willing to exercise jurisdiction over the juvenile; (2) that the state lacks adequate programs and services for the juvenile; or (3) that the juvenile has committed a felonious "crime of violence" or drug offense in which there is a substantial federal interest. See United States v. Sealed Appellant, 591 F.3d 812, 816-817 (5th Cir. 2009).

Third, before a district court may exercise jurisdiction in a juvenile proceeding, it must satisfy itself that such jurisdiction has been properly invoked, by "reviewing the stated reasons underlying the government's decision to proceed in federal court." United States v. Juvenile Male, 554 F.3d 456, 460 (4th Cir. 2009) citing Juvenile Male # 1, 86 F.3d at 1321; see also United States v. T.M., 413 F.3d 420, 423-24 (4th Cir. 2005) (recognizing subject matter jurisdiction to review "the

2

government's assertions in its § 5032 certifications"). In assessing a transfer motion, however, a court is not required to examine the veracity of the allegations lodged against the juvenile; it is entitled to accept the prosecution's allegations as true.

However, there is a presumption in favor of juvenile status and it is therefore the government's burden to prove, by a preponderance of the evidence, that the transfer is in the best interest of justice. United States v. Juvenile Male No. 1, 47 F.3d 68, 71 (2d Cir. 1995).

A federal court's subject matter jurisdiction depends upon the Government's compliance with the statute, including, *inter alia*, a certification by the Attorney General pursuant to 18 U.S.C. § 5032. In re Sealed Case (Juvenile Transfer), 131 F.3d 208, 211 (D.C. Cir. 1997) (noting that certification by the Attorney General has been "uniformly treated … as jurisdictional" by federal circuit courts of appeals).

As such, courts of appeals have uniformly held that the certification requirement of 18 U.S.C. § 5032 is a prerequisite to a district court's subject matter jurisdiction. See United States v. Sealed Juvenile 1, 225 F.3d at 508 ("The need of certification under 18 U.S.C. § 5032 is a jurisdictional requirement …"); United States v. Wong, 40 F.3d at 1362 (2d Cir. 1994) ("Certification confers jurisdiction upon the …").

A lack of jurisdiction cannot be remedied. See United States v. Ceja-Prado, 333 F.3d 1046, 1051 (9th Cir. 2003) (The Court remanded to the district court for a

3

determination of Defendant's true age, considering if Defendant at the time of the crime was "younger than eighteen" although he plead guilty to charges stating he was 21 years of age at the time of the crime, the District Court was directed to vacate his conviction and dismiss the information without prejudice for lack of jurisdiction).

## FACTUAL BACKGROUND

The instant matter comes as a result of a superseding indictment. (Dkt. 216). The current indictment as it relates to Mr. Atlee alleges, in particular, acts of *RICO conspiracy* (Count 1) and *Conspiracy to Distribute and Possess with an Intent to Distribute a Controlled Substance* (Count 18). Said acts are alleged to have occurred on or about January 1, 2016 through January 8, 2026—the date of the indictment. Specifically, as it relates to Count 1 the *RICO Conspiracy*, the over acts alleged to be committed by Mr. Atlee are many, with said dates spanning between November 28, 2019 and October 10, 2022. (Dkt. 216 p. 10 – 34).

Further allegations of crimes to be committed by Mr. Atlee are captured in Count 18 *Conspiracy to Distribute and Possess with an Intent to Distribute a Controlled Substance.* Said overt crimes are alleged to have occurred between January 1, 2016 and January 8, 2026 as members of the *RICO Conspiracy*. (Dkt. 216 p. 46 – 48). Due to the alleged overt acts in connection with the *RICO Conspiracy*, Mr. Atlee is potentially responsible for his actions as identified within Count 1 for quantity amounts in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

Mr. Atlee was not charged in the original indictment which had a specific date of conduct committed on August 14, 2022. (Dkt. 58).

On February 11, 2026, Mr. Atlee was arrested on the superseding indictment. (Dkt. 253). He initially appeared in front of United States Magistrate Judge Dena Hanovice Palermo on February 12, 2026 on the indictment; was appointed counsel and pleaded NOT GUILTY the same day. (Dkt. 278). A detention hearing was scheduled and conducted in front of United States Magistrate Judge Richard W. Bennett on February 17, 2026, where Mr. Atlee was detained. (Dkts. 280 and 322).

Mr. Atlee's date of birth is February 22, 2005, and was 20 years old at the time of the indictment.

During the course of the Detention hearing, it was confirmed that no overt acts or other crimes were committed by Mr. Atlee between 2023 up through indictment. At all dates and times of the "Overt Acts" alleged to be committed by Mr. Atlee, he had not attained the age of 18.

## ARGUMENT

**A. The District Court Does Not Have Jurisdiction to Prosecute the Case**

At all times during the alleged acts to be committed by Mark Atlee he was under the age of 18. As such, the U.S. Attorney's office is required to file an information in order to first prosecute Mr. Atlee. 18 U.S.C. § 5032. The U.S.

Attorney's Office has first failed to file the requisite information to commence criminal proceedings against Mr. Atlee.  The U.S. Attorney's failure to properly file an information is an impediment to jurisdiction, and the Court should dismiss the case.  See United States v. Juvenile Male, 554 F.3d 456, 460 (4th Cir. 2009).

Additionally, the U.S. Attorney's office has not established one of the three jurisdictional reasons for prosecution in federal court rather than in state court.  The Attorney General is required to certify one of three reasons to proceed in federal court which they have likewise failed to do:  (1) that no state possesses, or is willing to exercise jurisdiction over the juvenile; (2) that the state lacks adequate programs and services for the juvenile; or (3) that the juvenile has committed a felonious "crime of violence" or drug offense in which there is a substantial federal interest.  See United States v. Sealed Appellant, 591 F.3d 812, 816-817 (5th Cir. 2009).

Because no filing exists from the Attorney General certifying one of the three bases for jurisdiction, the Court should likewise dismiss on this basis as well.

Overall, the U.S. Attorney's Office failed to comply with the strict procedural safeguards of 18 U.S.C. § 5032 and the Court lacks jurisdiction to prosecute Mr. Atlee, as a result this Court should dismiss the case with prejudice.

**B.  The Case Should be Dismissed for Lack of Speedy Trial**

Mr. Atlee has been in continuous custody since February 11, 2026 and has not had a trial on the merits.  Under 18 U.S.C. § 5033 the speedy trial act requires a juvenile defendant to proceed to trial within 30 days, unless good cause is shown.  No such cause has been shown in delaying Mr. Atlee his right to trial.

Further, under §§ 5033 – 5035, the Act suggests a presumption of non-detention which is the polar opposite in the case if Mr. Atlee was an adult being prosecuted.  In the interest of justice, the Court should release Mr. Atlee immediately with conditions of release.

A Detention hearing was held on February 17, 2026 where the Defense put forth significant evidence of sufficient community ties, members of the family that can act as sureties and third-party custodians to assure compliance with court authority, current employment, and that Mr. Atlee was not under a criminal justice sentence at the time of the hearing.  Additionally, testimony was heard that no crimes by Mr. Atlee were known to have been committed between 2023 and 2026 as it relates to the indictment.

In making a ruling of detention, the Court relied heavily on the fact that the case involved narcotics, gangs, the weight of the evidence, and the potential for a significantly lengthy sentence.  In candor, the Court seemingly struggled with this decision based on the other mitigating factors such as all the acts were to have

allegedly taken place between 2019 and 2022 and the lack of significant criminal history by Mr. Atlee.

However, under the standard, those reasons are not persuasive reasons to detain Mr. Atlee, especially when, if true, the Court does not have jurisdiction to prosecute Mr. Atlee. Indeed, that strikes a significant blow to the merits of the case, and if so, the penalties are significantly lowered with a maximum of potentially five years imprisonment due to his age at the time of indictment, if prosecuted even as a juvenile. 18 U.S.C. §§ 5031 – 5042.

Viewing the case under the landscape that Mr. Atlee indeed is a juvenile under the Act and his conduct was juvenile conduct, he should be released for an opportunity for rehabilitative measures while awaiting the disposition of the case.

All these actions and many more were and continue to be in violation of Mr. Atlee's rights and the Court should dismiss the indictment and immediately release him with the least restrictive conditions.

## **CONCLUSION**

For the above reasons, Mr. Atlee respectfully requests that this Court dismiss the indictment with prejudice, requests a hearing on the motion should the Government object in any discernable way to the material facts, and/or in the alternative, release Mr. Atlee while a hearing can be conducted on the merits of the motion.

Respectfully submitted,

By /s/ Darryl E. Austin
DARRYL E. AUSTIN
New Jersey State Bar ID No. 023352008
Southern District of Texas No. 2659614
Attorneys for Defendant
darryl_austin1@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on May 13, 2026, a copy of the foregoing Motion to Dismiss was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorneys Benjamin Hunter Brown and Ralph Paradiso.

/s/ Darryl E. Austin
DARRYL E. AUSTIN