**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM NO: 4:22-CR-577-7** |
| | § | |
| **JAKOBE ANDERSON** | § | |

**JAKOBE ANDERSON'S RESPONSE TO GOVERNMENT'S MOTION**
**FOR PROTECTIVE ORDER (Doc 400)**

Defendant **JAKOBE ANDERSON** (hereinafter referred to by name or as "Mr. Anderson") files this limited response to the Government's Motion for Protective Order (Doc. 400). Mr. Anderson does not oppose reasonable protections for witness safety, confidential-source information, personal identifying information, medical/autopsy materials, or genuinely sensitive discovery. He also does not oppose counsel sharing the content of Witness Materials with him while withholding witness/Confidential Human Source ("CHS") names and identifiers at this stage, so long as the order includes a workable timeline and event-triggered release provisions for trial preparation.

Mr. Anderson objects to four parts of the proposed order: its overbreadth, the lack of a Jakobe-specific good-cause showing, the ban on written summaries, and the absence of deadlines or event triggers for disclosure.

### I. THE GOVERNMENT MUST SHOW GOOD CAUSE

Rule 16(d)(1) allows the Court, "for good cause," to deny, restrict, or defer discovery, or to grant other appropriate relief. Fed. R. Crim. P. 16(d)(1). The Government bears the burden to

show good cause with particular facts. See *United States v. Carriles*, 654 F. Supp. 2d 557, 565–66 (W.D. Tex. 2009); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). The Court may protect sensitive discovery, but it should not impose restrictions that unnecessarily impair defense preparation. See *Carriles*, 654 F. Supp. 2d at 568–69.

The Government cites witness safety and an ongoing investigation. Those concerns matter. But the motion does not tie them to **JAKOBE ANDERSON**. It does not allege that Mr. Anderson threatened a witness, tried to identify a CHS, disseminated discovery, obstructed justice, intimidated anyone, or directed anyone else to do so. The Court should require the Government to identify the specific basis for any restriction that limits Mr. Anderson's access beyond ordinary non-dissemination protections, either on the record or ex parte under Rule 16(d)(1).

## II. COUNSEL SHOULD BE ABLE TO SHARE SUBSTANCE AND NON-IDENTIFYING SUMMARIES

Mr. Anderson does not object to an order that lets counsel discuss the **substance** of BWC/Witness Materials while withholding witness/CHS names and identifiers for now. That approach protects safety concerns while allowing Mr. Anderson to understand and respond to the evidence.

The proposed order goes too far by barring written summaries and setting no disclosure timeline. Counsel should be able to prepare and review non-identifying summaries, timelines, notes, and redacted excerpts with Mr. Anderson. Those materials can omit protected names, addresses, phone numbers, family contacts, CHS identifiers, and other PII. They do not undermine witness safety, and they are necessary in a multi-defendant case with substantial discovery.

The Fifth Circuit recognizes that witness information can matter to investigation and trial preparation. See *United States v. Fischel*, 686 F.2d 1082, 1092–93 (5th Cir. 1982). Although criminal defendants have no general constitutional right to discovery, the Court should not administer restrictions in a way that prevents meaningful defense preparation. See *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Carriles*, 654 F. Supp. 2d at 568–69.

### III. THE ORDER SHOULD INCLUDE EVENT-TRIGGERED DISCLOSURES

The Court should enter a narrower order that:

1. permits counsel-supervised review of genuinely sensitive BWC/Witness Materials;

2. bars Mr. Anderson from keeping unredacted protected materials unless the parties agree or the Court orders otherwise;

3. lets counsel discuss substance while withholding protected names and identifiers at this stage;

4. permits non-identifying summaries, timelines, notes, and redacted excerpts; and

5. requires disclosure when the defense needs protected information for investigation, motions, plea evaluation, hearings, witness/exhibit deadlines, or trial preparation.

The order should require the Government to disclose protected witness/CHS identifiers, or seek witness-specific continued protection, when defense counsel needs the information to investigate, prepare motions, evaluate a plea, prepare for a hearing, review trial witnesses or exhibits, or prepare for trial. The order should also require timely *Brady, Giglio*, Rule 16, Rule 26.2, Jencks Act, and Court-ordered disclosures. See *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500; Fed. R. Crim. P. 16, 26.2.

### IV. RELIEF REQUESTED

Mr. Anderson asks the Court to deny the Government's proposed order as drafted and enter the attached proposed protective order. Alternatively, the Court should require the Government to

3

particularize its concerns as to Mr. Anderson and add: (1) event-triggered disclosures; (2) permission for non-identifying summaries; and (3) a prompt process to challenge disputed designations.

Respectfully submitted,


*/s/ Anthony P. Troiani*
Anthony P. Troiani
Texas Bar No. 00795914
Federal I.D. No. 20607
**ANTHONY P. TROIANI, P.C.**
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Telephone: (713) 520-7701
Facsimile: (713) 520-8612
Email: anthony@troianilaw.com
Attorney for Defendant
***JAKOBE ANDERSON***

**Certificate of Service**

I certify that on May 12, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send notice to all counsel of record.


*/s/ Anthony P. Troiani*
Anthony P. Troiani