No. 4:22–cr–577

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*vs.*<br><br>JAYLON LEVINE | UNITED STATES DISTRICT COURT, *SDTX*<br><br>HOUSTON DIVISION |

## JAYLON LEVINE'S OPPOSED MOTION FOR REVOCATION OF DETENTION ORDER AND RELEASE PENDING TRIAL

*TO HONORABLE ALFRED H. BENNETT:*

Jaylon Levine respectfully moves this Court, pursuant to 18 U.S.C. §§ 3142 and 3145(b), to revoke the detention order entered on February 18, 2026, and order his release pending trial subject to such conditions as the Court deems appropriate.

### I. INTRODUCTION

This Court is presented with a defendant who has already rebutted the statutory presumption of detention and whom the magistrate judge expressly found does not present a risk of flight. Detention was ordered solely because the magistrate concluded that no condition or combination of conditions could reasonably assure community safety.

Several months have now passed. This prosecution involves numerous defendants, substantial discovery, and allegations spanning several years. Trial is not imminent, and the resulting period of pretrial detention is likely to be substantial. Under these circumstances, continued detention warrants reconsideration.

Mr. Levine is twenty-two years old. He is charged in only Count 18 of the Superseding Indictment. Unlike many of his co-defendants, he is not charged with racketeering, murder, attempted murder, VICAR offenses, firearms offenses, or machinegun-related offenses. He has substantial family support in this district, housing available through immediate family members, a history of lawful employment, and is expecting his first child.

### II. PROCEDURAL HISTORY

On February 18, 2026, Magistrate Judge Richard W. Bennett conducted a detention hearing and ordered Mr. Levine detained pending trial. *See:* **February 18, 2026, Detention Hearing Transcript** ("DHTr.") at 107:9-25, 108:1-4, attached as exhibit 1.

In announcing its ruling, the Court found that Mr. Levine had rebutted the statutory presumption of detention and further found that he did not present a risk of flight:

> "*With respect to Mr. Levine, the Court finds that the presumption has been rebutted, the Court doesn't believe that there's a risk of flight.*" DHTr. at 107:9-11.

The Court nevertheless ordered detention based upon concerns regarding dangerousness, stating:

> "*Based on that as well as the presumption and the nature and circumstances of this charge the Court finds that there are no conditions or combination of conditions to reasonably assure the safety of the community.*" DHTr. at 107:25, 108:1-3.

Mr. Levine now seeks review of that detention order pursuant to 18 U.S.C. § 3145(b).

## III. LEGAL STANDARD

A district court reviews a magistrate judge's detention order de novo. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992).

Although Mr. Levine is charged with an offense carrying a statutory presumption of detention, the presumption does not end the inquiry. Once rebutted, it remains a factor for the Court to consider, but the burden of persuasion remains with the government. *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

The Court must consider the factors set forth in 18 U.S.C. § 3142(g), including the nature of the offense, the weight of the evidence, the defendant's history and characteristics, and the nature of any danger posed by release.

## IV. THE SECTION 3142(g) FACTORS FAVOR RELEASE

### A. Mr. Levine's Charging Posture Differs Significantly from All of His Co-Defendants.

Detention decisions are necessarily individualized. Mr. Levine is charged **only** in Count 18 of the Superseding Indictment. No other co-defendant under indictment only faces one charge. He is not charged with the alleged RICO conspiracy, nor is he charged with murder, attempted murder, VICAR offenses, Hobbs Act robbery offenses, firearms offenses, or machinegun offenses. The Court's analysis should therefore focus on the allegations against Mr. Levine rather than the broader conduct alleged against other defendants. *See:* **Overall Indictment Summary & Indictment Breakdown**, attached as exhibit 2.

**B. The Weight of Evidence Does Not Compel Continued Detention.**

The Court need not assess guilt or innocence at this stage. Nevertheless, the allegations against Mr. Levine are much narrower than those asserted against many co-defendants.

Mr. Levine is not alleged to be a leader or organizer. Nor is he charged with the violent offenses that dominate substantial portions of the Superseding Indictment. The government's detention presentation focused primarily upon Mr. Levine's alleged association with the conspiracy and his prior juvenile conduct.

This factor does not substantially alter the Court's detention analysis.

**C. Mr. Levine's History and Characteristics Support Release.**

Most notably, the magistrate judge found that Mr. Levine does not present a risk of flight. DHTr. at 107:10-11.

Mr. Levine has substantial ties to this district. Housing is available through immediate family members. He has demonstrated an ability to obtain lawful employment and is expecting his first child.

The Court's detention ruling was driven largely by Mr. Levine's juvenile history. The defense does not minimize that history. It remains a relevant consideration.

At the same time, Mr. Levine is now twenty-two years old. The conduct relied upon by the magistrate occurred during his juvenile years. The record presently before the Court does not reflect an adult criminal history comparable to the juvenile conduct that drove the original detention decision.

Since reaching adulthood, Mr. Levine has maintained family ties in this district, demonstrated an ability to obtain lawful employment, and established roots in the community. While those facts do not erase his juvenile history, they are relevant when determining whether detention remains necessary today.

In short, the factors that led to detention in February 2026 must now be considered against the backdrop of a twenty-two-year-old adult facing a potentially lengthy period of pretrial incarceration.

**D. Conditions Short of Detention Can Reasonably Assure Community Safety.**

The Bail Reform Act requires reasonable assurance, not certainty.

This Court possesses broad authority to fashion conditions tailored to the individual defendant before it. The relevant question is not whether restrictions may be imposed. The question is whether detention remains the only available option.

Given Mr. Levine's age, family support, available housing, limited charging posture, and the magistrate judge's finding that he presents no risk of flight, the Court can reasonably assure community safety through conditions short of detention.

## V. CONTINUED DETENTION IS NO LONGER NECESSARY

When detention was ordered in February 2026, the Court was addressing a newly filed superseding indictment and concerns arising from Mr. Levine's juvenile history.

Today, the circumstances before the Court are different. This is a large, complex prosecution involving numerous defendants and substantial discovery. Trial is not imminent. As a result, Mr. Levine faces a significant period of pretrial detention before a jury is ever empaneled.

This motion does not ask the Court to disregard Mr. Levine's history or the seriousness of the charge. It asks only that the Court conduct the individualized assessment required by the Bail Reform Act.

Mr. Levine is twenty-two years old and has substantial family support in this district, housing available through immediate family members, a history of lawful employment, and is expecting his first child. Most importantly, the magistrate judge found that he does not present a risk of flight. Under these circumstances, continued detention is no longer necessary to reasonably assure community safety.

## PRAYER

For these reasons, Mr. Levine respectfully requests that the Court revoke the detention order entered on February 18, 2026, and order his release pending trial subject to such conditions as the Court deems appropriate.

Respectfully submitted,

DUPONT ✶ DUPONT


By:   /s/ *T. B. Todd Dupont II*
    **T. B. Todd Dupont II**
    Texas Bar Number: 24004189
    915 Franklin Street, Unit 7M
    Houston, Texas 77002
    (713) 682-1800—telephone
    (281) 605-6828—facsimile
**LAWYER FOR ACCUSED,
JAYLON LEVINE**


## <CERTIFICATE OF SERVICE & CONFERENCE>

➢  I hereby certify that a true and correct copy of the foregoing motion has been served upon Assistant United States Attorney, **CHARLES HAGERMAN**, via **DC/ECF**, on **June 19, 2026**.

➢  Further, I additionally certify that the relief sought in said motion has been discussed with Assistant United States Attorney, **CHARLES HAGERMAN**, on **June 22, 2026**, and he has declared that he is **"OPPOSED"** to the same.

DUPONT ✶ DUPONT


By:   /s/ *T. B. Todd Dupont II*
    **T. B. Todd Dupont II**