**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**1) JCOI BARLEY,**
**a/k/a "SMILEY,"**

**(2) WALTER HARRIS,**

**(3) TERRELL DAVIS,**
**a/k/a "RELL D,"**

**(4) WALTER TOLBERT,**
**a/k/a "LIL WALT,"**

**(5) SHAKEIL ANDERSON,**
**a/k/a "KEIL" and "32,"**

**(6) QUINCY ANDERSON,**
**a/k/a "Q,"**

**(7) JAKOBE ANDERSON,**
**a/k/a "24,"**

**(8) CHASE FRANKLIN-WILLIAMS,**
**a/k/a "JANKY,"**

**(9) TERRY ARDOIN,**
**a/k/a "JERICHO" and "TERRIO,"**

**(10) TRAVONTE ARDOIN,**

**(11) DEANDRE THOMPSON,**
**a/k/a "MAN MAN,"**

**(12) DERRICK BLAND,**

**(13) EMERY GOODLEY,**
**a/k/a "EJ,"**

**CASE NO. 4:22-cr-00577**

**(14) JYMONTE MCCLENDON,**
**a/k/a "TUTTIE" and "RED FOX,"**

**(15) MARK ATLEE,**
**a/k/a "LIL MARK,"**

**(16) MAURKAEL BROWN,**
**a/k/a "KAEL,"**

**(17) ORLANDER CALLOWAY,**
**a/k/a "TUEY,"**

**(18) JAYLON LEVINE,**

**(19) JASON ARGUETA,**
**a/k/a "JASO" and "JAYSO,"**

and

**(20) JOSE QUIROZ,**
**a/k/a "JR."**

**Defendants.**

**PROTECTIVE ORDER**

The United States has moved for a protective order limiting the uses to which certain discovery material can be put. The Court finds that there is good cause for the issuance of such a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, to accommodate the discovery process and ensure the safety and security of the confidential source(s) and witnesses involved in the case. Therefore, it is **ORDERED THAT**:

1. This Protective Order shall ***not*** have retroactive effect with respect to the content of Discovery Materials, as defined herein, provided by the Government prior to the entry of this Protective Order, except as to Personal Identifying Information (PII).

2. This Protective Order shall have retroactive effect with respect to the physical Discovery Materials, whether original, digital, or duplicate, and Authorized Defense Representatives, as defined herein, shall retrieve any Discovery Materials not in compliance with this Protective Order and/or provide all Authorized Defense Representatives a copy of this Protective Order.

3. This Protective Order fully applies to all Discovery Materials, to include content, produced by the government after the date of the signing this order:

a. The Witness Materials, further described as witnesses', codefendant and confidential human sources'[1] ("CHS") statements, including offense reports (including but not limited to Report of Investigation, "302s" and the like), written transcripts and video/audio recordings of witness and CHS interviews. The Witness Materials may also include recordings from electronic devices worn by CHSs, surveillance footage while a CHS was present, and consensually recorded telecommunications and/or video with a CHS.

[1] Confidential Human Sources shall include, but not limited to individuals referred to as confidential human sources, confidential informants, cooperators and/or cooperating co-defendants, if any.

b. Body Worn Camera (BWC) materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the BWC materials") are subject to this Protective Order.

c. Codefendant information which includes criminal histories, gang tracker data, financial information, cellphone extractions, social media accounts, and defendant interviews are subject to this Protective Order.

d. Subject to the limitations contained in this Order, Discovery Materials (as defined herein) may be used by the defendant and defense counsel solely in connection with the defense of this case, and any appeal, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

e. Medical and Autopsy reports of witnesses, victims and/or codefendants.

(herein collectively known as "Discovery Materials").

4. The following individuals may examine the Discovery Materials for the sole purpose of preparing the defense in this case and for no other purpose:

a. counsel for defendants;

b. members of defense counsels' law offices who are assisting with the preparation of defendant's defense; and

c. paralegals, law clerks, discovery coordinators, investigators, and/or experts retained by defendant or assigned by the Court to assist in the defense of this matter;

(hereinafter collectively known as "Authorized Defense Representatives").

5. Disclosure of any portion of any Discovery Materials, beyond that necessary for the preparation of defendant's defense, is prohibited. To that end:

a. Defense counsel shall keep all Discovery Materials in their constant care, custody, and control, and shall not disclose any Discovery Material or their contents directly or indirectly to any person or entity other than Authorized Defense Representatives, who shall be provided with a copy of the Protective Order and bound by it to the same extent as defense counsel.

b. Defense counsel may discuss the contents of BWC, medical reports and Autopsy Reports, and/or Witness Materials with their respective clients but ***shall not*** (1) provide the names or any identifying information of the CHSs, as defined in Footnote 1, without express permission by the Government or order of the Court, (2) provide copies in any format, such as Xerox, screenshots, etc., of the Discovery Material to the defendants, or (3) provide written summaries of the Discovery Materials to the defendants.

c. Defense counsel shall use the Discovery Materials solely for the defense of the above-captioned case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

d. Each of the defendant, is permitted to view the BWC and/or Witness Materials relevant to their defense while in the presence of one or more members of his legal team, but the defendant is not permitted to retain copies of any portion thereof without express permission by the Government or order of the Court. Nor shall any Discovery Material be stored at any detention facility.

e. The Discovery Coordinator will label these materials "Attorney Eyes Only".

6. Defense counsel shall keep all Medical and Autopsy materials in their constant care, custody, and control, and shall not reproduce these materials except as needed to submit as exhibits for Court.

7. Defense counsel shall keep all codefendant information, social media and cellphone data. Defense counsel may show their respective client any data wherein their client is a participant, is discussed, or if it relates to the charged offenses. However, Defense counsel shall keep all other codefendant information, social media and cellphone data in their possession to protect this information. This order does not prevent defense counsel from sharing their client's own information, social media and cellphone data with their client.

8. If defense counsel determines that additional persons, other than those identified in this Protective Order, need to review any or all of the Discovery Materials, counsel must confer with the Government regarding whether such further access is permissible. If the conferral results in agreement, the agreement shall be documented in writing between the parties. If the parties cannot agree after conferring, defense counsel may move for an order permitting such access and the Government may file its opposition to the motion.

9. If defense counsel or any Authorized Defense Representatives authorizes the defendant or any other court-authorized person not previously listed herein to view Discovery Material, defense counsel or their Authorized Defense Representatives shall ensure that neither the defendant, nor any other court-authorized persons, view or hear

any portion of the Discovery Materials that includes information regarding a witness or victim:

- Date of birth;
- Social security or taxpayer identification number;
- Driver's license or non-driver's license identification card number;
- Home, work or school address;
- Telephone numbers, cellular numbers, or email other than those belonging to the respective Defendant and/or telephone numbers, cellular numbers, or email addresses belonging to witnesses or victims that the respective defendant contacted and counsel needs to determine if the Defendant contacted that telephone numbers, cellular numbers, or email address;
- Relatives, including names and contact information;
- Credit card, bank, debit, or other financial-account numbers;
- Medical or mental health history information; or
- Usernames, user identifications, and passwords.

10. A copy of this Protective Order shall be maintained with the Discovery Materials.

11. All individuals (other than defense counsel) who receive access to the Discovery Materials shall, prior to receiving access to the materials, be given a copy of the Protective Order and agree to be bound by it.

12. By receiving the Protective Order and agreeing to be bound by it, the individual acknowledges that:

a. they have reviewed this Protective Order;

b. they understand this Protective Order’s contents;

c. they will fully comply with the terms of this Protective Order;

d. they will access the Discovery Materials only for the purposes of preparing a defense for Defendant; and

e. they understand that failure to abide by this Protective Order may result in sanctions by this Court after a hearing.

13. No other person shall be allowed to examine the Discovery Materials and the contents/substance shall not be shared with anyone without agreement of the parties or further order of the Court.

14. Following a dismissal or acquittal in this case, the defense attorney shall destroy, or return to the United States, all Discovery Materials. Following a conviction in this case, the defense attorney may retain a copy of the Discovery Materials in this case only if: (A) the defense attorney maintains the Discovery Materials in the Defendant's case file related to this case; and (B) the defense attorney stores the Discovery Materials in a secure electronic or physical environment that limits access to such materials to the legal defense team for its use in this case.

15. Nothing in this Protective Order shall preclude the Government or the Defendants from seeking a further protective order pursuant to Rule 16(d) regarding any matter.

16. Prior to permitting a defendant to review any Discovery Materials subject to this order, defense counsel shall provide the defendant with a copy of this protective order and advise the defendant on the terms of the Order and the consequences of a violation thereof. Counsel shall specifically advise the defendant that any unauthorized disclosure, dissemination, or misuse of Discovery Materials or witness-related information may result in court imposed sanctions, including modification or revocation of bond or conditions of release, contempt proceedings, evidentiary penalties such as forfeiture by wrongdoing, and

potential criminal prosecution for offenses including, but not limited to, witness tampering, witness intimidation, obstruction of justice, or related offenses.

**IT IS SO ORDERED** that the Government's motion is granted and that disclosure of the above-described materials shall be restricted as set forth above.

HONORABLE ALFRED H. BENNETT
United States District Judge

DATE: