**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:22-cr-577** |
| | § | |
| **(15) MARK ATLEE,** | § | |
| **Defendant.** | § | |

## UNITED STATES' MOTION TO STAY ORDER DISMISSING INDICTMENT

The United States respectfully requests that this Court stay execution of any order dismissing the indictment pending resolution of the United States' anticipated appeal of the dismissal to the Fifth Circuit. Alternatively, the United States respectfully requests that this Court stay execution of the dismissal order for 14 days to allow it adequate time to request a longer stay from the Fifth Circuit.

"Given the drastic consequences if [a] Court erred in granting" dismissal of an indictment, it is appropriate to stay a dismissal order "in order to give the Government an opportunity to consider its options" regarding a potential appeal.[1] *United States v. Schlor,* No. CR-01-360-

---

[1] As with all appeals by the United States in criminal matters, in this case the United States Solicitor General has the authority to "[d]etermin[e] whether, and to what

RHW, 2008 WL 4949037, at *6 (C.D. Cal. Nov. 14, 2008) (stay of indictment dismissal on speedy trial grounds). Indeed, district courts dismissing indictments over the Government's objection frequently enter stays to allow for appellate review.

For example, after ordering dismissal of an indictment on selective prosecution grounds, the United States District Court for the Eastern District of Virginia stayed its order "pending the United States' appeal to the United States Court of Appeals for the Fourth Circuit." *United States v. Olvis,* 913 F. Supp. 451, 457 (E.D. Va. 1995). Similarly, after dismissing an indictment on statute of limitations grounds, the United States District Court for the Western District of Tennessee stayed dismissal for approximately 60 days. *United States v. Titterington,* No. CR. 2-20165, 2003 WL 23924932, at *2 (W.D. Tenn. May 22, 2003). Likewise, when dismissing an indictment for vindictive and selective prosecution, the United States District Court for the Southern District of New York stayed its dismissal order for approximately 18 days "[i]n order to give the Court

---

extent, appeal[ ] will be taken by the Government" here. 28 C.F.R. § 0.20(b). Consistent with that authority, after this Court granted the motion to dismiss on September 9, 2026, the United States Attorney's Office for the Southern District of Texas began working expeditiously to address authorization for appellate review of the dismissal order or to determine other available options.

of Appeals a reasonable opportunity to schedule the [anticipated] appeal" by the United States. *United States v. Johnson,* No. 98 CR. 880 (WK), 1998 WL 841491, at *2 (S.D.N.Y. Dec. 3, 1998), *rev'd on other grounds*, 171 F.3d 139 (2d Cir. 1999); *but see United States v. Figueroa-Taveras,* No. 02 CR. 333 (RPP), 2002 WL 31749390, at *2 (S.D.N.Y. Dec. 6, 2002) (pending appeal deprived district court of jurisdiction to stay dismissal of indictment).

Here, as in the cases above, the "drastic consequences" if this Court erred in ordering dismissal of the indictment militate in favor of a stay. Atlee is charged with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(c), and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846. Accordingly, he has been detained without bond pending trial. (DE-322).[2] Society has a strong interest in those charges being adjudicated. Indeed, the fact that Atlee faces a lengthy period of incarceration underscores the societal interest at play in this case. If this Court erred in dismissing the indictment and no stay is granted, those societal interests will be

[2] "DE" refers to the docket entries in Southern District of Texas Case No. 4:22-CR-577.

thwarted. If the dismissal order is not stayed, Atlee will be released into the community to which he poses a safety risk—specifically Atlee's comments referring to snitches or "rats" being "exterminated."

If that happens and the Fifth Circuit ultimately rules that this Court erred in dismissing the indictment, the societal interest in prosecuting Atlee will be frustrated. Additionally, there is a significant risk that Atlee would pose additional danger to the community and law enforcement during future attempts to apprehend him given his violent history.

This Court should stay execution of its dismissal order pending any appeal by the United States to the Fifth Circuit or, alternatively, stay execution of the order for 14 days to allow adequate time for the United States to seek a longer stay from the Court of Appeals.

Respectfully submitted,

AARON F. REITZ
United States Attorney

*/s/ Charles Hagerman*
Charles Hagerman
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion will be electronically filed with the United States District Court for the Southern District of Texas, on September 10, 2026, and will be served on counsel of record via the Court's ECF system on that date.

*/s/ Charles Hagerman*
Charles Hagerman
Assistant United States Attorney