**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**(15) MARK ATLEE a/k/a "Lil Mark"**<br><br>**Defendant.** | **CASE NO. 4:22-cr-00577** |

**GOVERNMENT'S MOTION TO RECONSIDER**
**ORDER ON MOTION TO DISMISS INDICTMENT**

The United States respectfully requests that this Court reconsider its September 9, 2026, order dismissing Counts 1 and 18, as they relate to defendant, Mark Atlee, *United States v. Atlee*, No. 22-CR-577(15), ECF. No. 478 (the "Dismissal Order"). The Government contends that the Court's Dismissal Order was granted in error because (i) the issue of whether the Defendant ratified his membership in the conspiracies was a jury question the Court's Dismissal Order was premature at this stage of the proceedings; (ii) the Government's proffered evidence at the Evidentiary Hearing was sufficient to send the issue of ratification to a jury; and (iii) the Government did not present a full evidentiary record of Atlee's continued involvement in the conspiracies.

## AUTHORITY

Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *See United States v. Healy*, 376 U.S. 75, 78, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). A district court should have the opportunity to correct alleged errors in its dispositions. *See United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976). The Dismissal Order was made in error and must be corrected.

The United States timely files this motion to reconsider the Court's Dismissal Order. *See United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982) ("It is well established that in criminal proceedings, petitions for rehearing of orders … are timely filed if made within the period allotted for the noticing of an appeal"); Fed. R. App. P. 4(b)(1)(B)(i) (government has 30 days to file a notice of appeal).

**BACKGROUND**

The defendant, Mark Atlee ("Atlee" or "Defendant"), was born in February 2005. Accordingly, the Defendant turned 18 years old in February 2023 and then turned 21 years old in February 2026. Therefore, the Defendant was 20-years and 11months old at the time of the Superseding Indictment.

On or about January 8, 2026, the Defendant, along with his conspirators, was charged as a participant in a criminal enterprise known as Free Money (also known as the "Free Money Gangsters" or "Freemoney"), with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. § 1962(d) and in a drug distribution conspiracy in violation of 21 U.S.C. § 846.

On May 12, 2026, the Defendant filed a motion to dismiss the Superseding Indictment arguing that all charges should be dismissed against him because the Court lacked jurisdiction over the Defendant for crimes committed while the Defendant was a juvenile and the Government did not obtain certification from the United States Attorney to charge the Defendant as an adult as required by the Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5032. *See United States v. Atlee*, No. 22-CR-577(15), ECF. No. 401.

On June 22, 2026, the Government filed its response to Defendant's motion to dismiss. In it, the Government argued that the JDA did not apply because Defendant was over 18 years at the

time of arrest and had post-majority ratified his involvement in both the RICO conspiracy and drug distribution conspiracy. *See United States v. Atlee*, No. 22-CR-577(15) ECF. No. 449. To this end, the Government provided the Court with a non-exhaustive list of examples of Atlee's post-age-of-majority ratification. *Id.*

On June 25, 2026, the Defendant filed his reply and argued that the Government's examples did not constitute ratification. *See United States v. Atlee*, No. 22-CR-577(15), ECF. No. 455.

The Court held oral arguments on August 14, 2026, and on September 9, 2026, the Court issued a memorandum and order granting, in in relevant part the Defendant's motion to dismiss all charges without prejudice (Dismissal Order).[1] On September 9, 2026, the Government filed a motion to stay the Dismissal Order and the Court granted said motion on September 10, 2026. The Government requests the Court to reconsider the Dismissal Order for the reasons set forth below.

## ARGUMENT

### 1. **<u>It is a Question for the Jury as to Whether Defendant's Post-Majority Conduct Constituted Him Ratifying His Membership in a Conspiracy</u>.**

It is for the jury to decide whether Defendant's post-majority conduct constituted ratification of his membership in the charged conspiracies. The law is clear: "A juvenile ratifies his involvement in a conspiracy by continuing to participate in an ongoing conspiracy after his 18th birthday" and the "question of ratification [is] another element of sufficiency" of the evidence. *United States v. McClaren*, 13 F.4th 386, 409 (5th Cir. 2021) (finding that the must present evidence of ratification to the jury in RICO and drug conspiracy case) (quoting *United States v. Peters*, 283 F.3d 300, 309 (5th Cir. 2002). Moreover, "all circuits recognize that the Federal Juvenile Delinquency Act does not prevent an adult defendant from being tried as an adult merely

[1] The Defendant sought the relief of a dismissal with prejudice. The Court denied that portion of the relief sought and instead granted a dismissal *without* prejudice.

because he first began to participate in the criminal conspiracy as a minor." *United States v. Galindo*, 2001WL681796 at *1 (W.D.Tx. Feb 6, 2001). Ratification "simply means that a defendant continues to participate in an ongoing conspiracy after his eighteenth birthday." *United States v. Guerrero*, 768 F.3d 351, 361-62 (5th Cir. 2014) (quoting *Peters*, 283 F.3d at 309).

**2. Because Ratification is a Question for the Jury, the Government Only Proffer a *Prima Facia* Showing Ratification, and the Court's Granting of Defendant's Motion to Dismiss was at Best Premature.**

By granting Atlee's motion to dismiss prior to trial, the Court effectively and improperly granted a Rule 29 motion pre-trial or, perhaps, what is the equivalent of summary judgment, an avenue of redress available only in civil cases. *Cf.* Fed. R. Civ. Pro. 56. *with* Fed. R. Crim. Pro.; *see also United States v. Machen*, 576 F. App'x 561, 566 (6th Cir. 2014) (reversing on plain error defendant's conviction for RICO conspiracy where the jury was not instructed to find post-majority ratification). Given this, the Court should grant the motion for reconsideration, deny Defendant's motion to dismiss, and allow the case to proceed to trial, where the entirety of the Government's evidence on the issue of post-majority conduct, including evidence from lay witnesses, will be before the Court and jury.

The case of *United States v. Welch,* 15 F.3d 1202, 1209 (1st. Cir 1993), is especially instructive on this point. There, like here, the government charged a drug conspiracy against post-majority defendants whose conduct began before defendants' eighteenth birthdays. *Id.* at 1206. After conviction, those defendants appealed on grounds that the government failed to comply with the JDA and, particularly germane here, that the district court erred by not holding a pre-trial evidentiary hearing on the issue of post-majority ratification. *Id.* In rejecting defendants' argument, the circuit court for several reasons, including that "the proposed pretrial evidentiary hearing would place an unwarranted burden on the prosecution, especially in multi-defendant conspiracy cases where most alleged coconspirators are adults…. Furthermore, we do not think a

pretrial hearing would significantly enhance the procedural protection of youthful defendants already indicted by a grand jury." *Id*. at 1209. *Accord United States v. Diaz*, 670 F.3d 332, 339 (1st Cir. 2012) (quoting *Welch* and holding that a pre-trial evidentiary hearing is not necessary because "there can be no conviction unless the jury finds that the defendant in some manner ratified his participation in the conspiracy after attaining majority")

Indeed, as this Court acknowledged in its Dismissal Order, the Fifth Circuit has observed that the issue of whether a juvenile has ratified their behavior after reaching the age of majority will "often be an inappropriate issue to raise before trial." *United States v. Atlee*, No. 22-CR-577(15), ECF. No. 478, at 3 (citing *United States v. McClaren*, 13 F.4th 386 (5th Cir. 2021)). To that end, every case cited by Defendant, and that this Court reviewed in coming to its conclusion, involved a complete trial record wherein the facts regarding ratification were placed before the jury. *See generally*, *United States v. Peters*, 283 F.3d 300, 309 (5th Cir. 2002) ("The jury could have inferred"); *United States v. Guerrero*, 768 F.3d 351, 362 (5th Cir. 2014) ("There was sufficient evidence for the jury to conclude"); *United States v. Harris*, 740 F.3d 956, 966 (5th Cir. 2014) (generally discussing trial record); *United States v. Tolliver*, 61 F.3d 1189, (5th Cir. 1995) ("sufficient to support the jury's verdict").

A judge should not be "the sole and final arbiter of ... the sufficiency of the evidence of post-majority conduct." *See* Melvin L. Otey, *A Paradigm for the Proper Use of Pre-Majority Conduct in Prosecuting Continuing Crimes*, 28 Geo. Mason L. Rev. 307, 343 (2020) (citing *United States v. Welch*, 15 F.3d 1202, 1211 (1st Cir. 1993)). Like most findings of fact, this determination is properly within the jury's province, and this concept has been accepted for approximately 150 years. *See e.g., Bazemore v. Davis,* 69 Ga. 745, 746 (1882) (denying motion for new trial where issue of whether minor ratified property transaction was "fairly submitted to and passed upon by

the jury"). Importantly, the Fifth Circuit treats ratification as a sufficiency issue, not as a separate defect in the prosecution. *McClaren*, 13 F.4th at 409–10. In *McClaren*, the court explained that ratification is "inextricably connected" to whether the government sufficiently proved the charged conspiracy, and that ratification will often be inappropriate to resolve before trial because the government's evidence has not yet been presented. *Id.* at 410. For that reason, the ultimate ratification showing is made through evidence at trial, and the jury decides whether the government has proved post- majority ratification beyond a reasonable doubt. *See also*, *United States v. Gardenhire, No. CR 15-87, 2017 WL 736912, at *3 (W.D. Pa. Feb. 24, 2017)*, citing *See e.g., Machen*, 576 Fed.Appx. at 564-65; *Camez*, 839 F.3d at 874-76; *United States v. Guerrero*, 768 F.3d 351, 361–62 (5th Cir. 2014); *Wong*, 40 F.3d at 1366 (internal quotations omitted) ("[b]ecause conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, [...], a federal court may assume jurisdiction over a defendant upon a threshold demonstration of post-eighteen conspiracy activity.").

3. **<u>The Government's Evidence of Ratification Presented at the Evidentiary Hearing was Sufficient to Allow the Issue to go to the Jury</u>.**

In its Order, this Court summarized Atlee's post-majority conduct and stated,

> that evidence does not establish post-majority ratification of the conspiracy after his eighteenth birthday. *United States v. Tolliver*, 61 F.3d 1189, 1200 (5th Cir. 1995). That inquiry demands more than evidence that Defendant engaged in criminal or suspicious conduct after turning eighteen.

*United States v. Atlee*, No. 22-CR-577(15) ECF. No. 478. This Court goes on to state that "mere association with a co-conspirator alone does not support an inference of participation in a conspiracy." *Id.* (citing *United States v. Martinez*, 900 F.3d 721, 728 (5th Cir. 2018)). However, this is a discussion of sufficiency of the evidence for *conviction*, rather than the salient question of whether there is enough evidence to allow the case to proceed to a jury.

In *U.S. v. McLaren*, the Fifth Circuit provided that a juvenile ratifies his involvement in a conspiracy by continuing to participate in an ongoing conspiracy after his eighteenth birthday. 13 F.4th at 408. The *McLaren c*ourt's next sentence identifies the jurisdictional limit on adult liability: a defendant who does "absolutely nothing" after turning eighteen "to further the conspiracy or to reaffirm membership in it" cannot be held criminally liable as an adult. *Id*. That language clarifies when adult prosecution is unavailable. *Id.* Because the sentence is phrased in the disjunctive, it reaffirming membership can satisfy the post-majority requirement when it shows continued participation in the ongoing conspiracy. *See id*.

Conspiracy is a continuing offense, and a defendant's participation continues until the conspiracy ends or the defendant withdraws. *Smith v. United States*, 568 U.S. 106, 111 (2013). Courts have analogized post-majority conspiracy ratification to civil law contract ratification. *United States v. Camez*, 839 F.3d 871, 876 (9th Cir. 2016); *United States v. Welch*, 15 F.3d 1202, 1211-12 (1st Cir. 1993); *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991); *United States v. Claiborne*, 92 F. Supp. 2d 503, 514 (E.D. Va. 2000) ("Adult ratification of a criminal conspiracy begun as a juvenile is analogous to the civil law concept of adult ratification of a contract made as an infant."). Under that doctrine, a minor who lacked capacity to enter a binding contract may still ratify the agreement after reaching majority by taking actions consistent with an intent to be bound. *United States v. Wong*, 40 F.3d 1347, 1366 (2d Cir. 1994). A verbal affirmation can ratify a contract. *See Restatement (Second) Contracts* § 85.

Applying that principle to criminal conspiracy, courts, including *McLaren,* have held that a defendant may ratify pre-eighteen participation by continuing to participate in the conspiracy after turning eighteen. *Guerrero*, 768 F.3d at 362; *Wong*, 40 F.3d at 1366; *Welch*, 15 F.3d at 1211-12; *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991). That is what we have here with

Atlee's ongoing membership in the Free Money conspiracy—which includes controlled substances and firearms—along with a self-proclamation of membership such as claiming Free Money, using Free Money emojis and gang signs in social media posts, alluding to punishing cooperators or "rats", and acknowledging that "we" the Free Money members who have been arrested on the Superseding Indictment will not cooperate.

As the court heard, when incarcerated, Atlee furthered the Free Money enterprise by banding together with other members and defendants to encourage others not to speak to police, saying that "rats" or "snitches" get "exterminated."

In addition, there is the Defendant's active solicitation of controlled substances on behalf of Free Money. In the conspiracy context, the question is whether the defendant's post-majority conduct shows continued adherence to the ongoing agreement. *See infra*, Section 4. For a RICO conspiracy, section 1962(d) requires no overt act. *Salinas v. United States*, 522 U.S. 52, 63 (1997). The ratification is determined by whether the government has identified post-majority evidence showing that Defendant continued to adhere to the ongoing agreement to participate in the enterprise's affairs after turning eighteen, as disc. *See infra*, Section 4. Again, Atlee's actions show his ratification of his continued participation in both conspiracies.

In short, Atlee never withdrew from Free Money and is continuing to actively protect Free Money.

**4. <u>The Government Did Not Present a Full Evidentiary Record of the Defendant's Continued Involvement in the Conspiracies to the Court at the Time of the Hearing</u>.**

The Government did not present a complete record to the Court on the Defendant's ratification of the conspiracies because to do so would essentially require a full trial presentation. The Government selected examples to provide in its response to the Defendant's motion to dismiss carefully and did not want to divulge ongoing legal processes and strategy.

However, there was and is other evidence that the Government would present to the jury for it to determine whether the Defendant ratified his continued involvement in the conspiracies. Below are a few examples of what evidence, in addition to what the Government presented in its earlier response at the hearing, the Government would present to the jury.

*i. Example of Ratification Evidence Not Presented to This Court that the Government Would Present at Trail are Atlee's Admissions, Videos, and Photographs Showing his Continued Involvement in the RICO and Drug Distribution Conspiracies After He Turned Eighteen Where Atlee Distributes Drugs and Protects Members on Behalf of Free Money.*

Atlee's Instagram page is still publicly viewable, which includes people who follow his account, and accounts he follows. This information can be monitored to determine if anyone is accessing his account on his behalf to delete or hide information and if Atlee is still using his account to engage in criminal activities such as racketeering and drug dealing conspiracies. Revealing the Government's knowledge of the account at this time in the proceedings frustrates that ability to monitor the account. Nevertheless, the Government must reveal this information at this time.[2]

On July 10, 2023, Atlee posted a fifteen-second video to his "stories" on Instagram. Below are three screenshots from the video. In the video, Atlee's face is clearly visible, and voice clearly recognizable. Atlee "throws up" the Free Money hand sign while delivering the below message.

[2] As of September 21, 2026, Atlee's Instagram has been deleted of all but three posts.




> "*Ey man sup man, you n****s know what the fuck going on man." Holla at Free Money OTM. We have that Za man. Y'all need to tap in ya feel me. Cause whoever you gettin your weed from they can't beat our numbers you feel me. They can't beat our prices on our Za. We got real Za. Ya feel me? Whole lotta gang shit, man. Y'all go in tap in man.*" (15 second video).

- Mark Atlee aka "Lil Mark"
- **Name** **First**OTM 💰 x 🆓 💸

This video is time-stamped and was created and posted after Atlee turned 18 years old. In the video, Atlee ratifies himself as Free Money and ratifies his ongoing involvement in the drug trade, as part of, and on behalf of, Free Money. Moreover, his Instagram further demonstrates his continued open identification with Free Money in the form of Atlee's use of the blue square emoji with the word "FREE" followed by the banded U.S. currency with wings emoji. He also uses the words "we", "our", "Free Money", and "lotta gang shit" which all show his continued involvement, and therefore ratification, in the RICO and drug conspiracies.

Additionally, Atlee's criminal activities continued into 2024. Only two of the images below were still publicly available on Atlee's Instagram as of September 21, 2026, but the Government was able to retrieve all the images below before they were deleted.[3] One image is

[3] As noted above, Atlee deleted most of his Instagram account on September 21, 2026. Only two of the images above, the bar of soap and Atlee wearing the red hoodie fanning money are still online. The other images of him holding weapons and being at Lenora Street have been deleted.

time-stamped May 18, 2024, which was well after his 18th birthday. In this image, Atlee was flaunting a large amount of U.S. currency with the address of 8200 block of Lenora prominently displayed on a street sign behind him and referenced in his caption. As noted in the Superseding Indictment, one of the primary "trap houses" of Free Money was located on the 8100 block of Lenora.




The below images are undated, however, based on Atlee's Instagram timeline they appeared to have been posted after his eighteenth birthday. In two of the images, he is again flaunting large sums of money. In two other images, he is holding weapons, and in one, he appears to be lighting a marijuana cigarette with a gun next to him. On or about May 29, 2026, all of these images could be seen at the top of Atlee's Instagram homepage.



Atlee's jail call from May 15, 2026, illustrates that the record this Court assumed was complete, was in fact not. The Government only proffered segments of quotes from the call in its response to the Defendant's motion to dismiss. The conversation proffered in the Government's response showed Atlee stating, "free fat beezy, fuck the feds I'll be home real soon, you know what I'm saying. We ain't doing no rat shit in this hoe. You see what I'm saying? All rats get exterminated."

This Court noted in the Dismissal Order that the Court found that it was unclear what group Atlee was referencing when he used the word "we". However, as the full call demonstrates below, Atlee goes on to ***literally read, in full***, his motion to dismiss in this case to the call recipient. After that, Atlee discusses the events of the most recent court appearance at that time:

> **Atlee:** the differences between me and these n****s, aint no cooperation going on with the government. The fuck you talkin about, n***a, yeah. I am coming home with all paperwork.
>
> **Recipient**: Paperwork good.
>
> **Atlee**: [Discussing bringing all paperwork].
>
> **Atlee:** [Continues reading the prayer for relief of the Motion to Dismiss].

The entire call discusses the case, cooperation, defendant's motion, and getting out of jail. The entire context of the call relates to Free Money which then puts Atlee' s statement, "We ain't doing no rat shit in this hoe. You see what I'm saying? All rats get exterminated", in further context. The

quotes provided in the Government's response would alone allow a reasonable juror to conclude Atlee was discussing Free Money, but the entire call (which was not part of the record this Court concluded was complete) can lead to only one conclusion—that Atlee was furthering Free Money. This illustration provides that the Court's ruling was not based on a complete record, and on this basis alone, this Court must grant Government's motion to reconsider.

Moreover, this discussion on May 15, 2026, of "no cooperation" and statements that Atlee's "paperwork [being] good" is further understood to relate to Free Money when reviewed alongside the May 17, 2026, call noted in Government's response where Atlee is discussing "rats."

> **Female**: "I heard court good than a mothafucka for ***yall***."
>
> **Female**: "N****s, bitch ass n****s, rat ass n****s."
>
> **Atlee**: "Den they wanna get on the bus and get to poppin and shit like a n***a aint do what he did."
>
> **Female**: "man exactly. Keil mad as a bitch he had to sit by bro in court"

After this, Atlee and the female call recipient go on to discuss the various topics summarized in Government's response, including that the Free Money members have ongoing assumptions and beliefs of cooperation by some of its members, and they are actively discussing that belief.

*i. Examples of Ratification Evidence Not Presented to this Court that the Government Would Present at Trial are Gang Expert Testimony, Body Camera Evidence, and Lay Testimony That Would Put the Defendant's Statements and Actions in Context.*

The Government did not present testimony or evidence regarding Free Money activities and the actions in its response to the Defendant's motion to dismiss, however the Government has such evidence for trial.

For instance, at trial, the Government would present an expert who would testify about the practices and methods of operation of Free Money, its drug distribution methods, its general

practices, membership, gang signs, gang terminology, and how the gang interacts with its members and associates. Additionally, the expert would testify that gangs in Houston, Texas only engage in criminal conduct with members and/or associates of that gang. Also, the expert would testify that Free Money would not permit someone to claim membership if that person was not a member. That testimony would have been illustrative of the actions presented in Government's response to the motion to dismiss, and further show the Defendant ratified his involvement in the conspiracies.

Another example that the Government would present at trial would be lay testimony and the presentation of body camera evidence from the traffic stops which revealed weapons and substances—integral to the Free Money racketeering and drug conspiracies.

The Government alerted the Court that it understood its burden *at trial*. "[T]he government is prepared to present evidence at trial that Defendant became involved in the RICO conspiracy as a juvenile and effectively ratified his membership," and "the government is aware of its burden of proof at trial and is prepared to meet that burden and present this evidence to the jury." (ECF 449, p.8).

Ultimately, this Court ruled to dismiss the conspiracy counts against Atlee after assuming a *prima facia* showing—by way of the Government's Response and several minutes of argument—constituted a complete record from which to rule. On this basis alone, this Court must correct the error in its disposition and grant Government's motion to reconsider and set aside its prior Dismissal Order.

Based on the additional information presented herein, Atlee's post-majority ratification is without doubt. The Government is prepared at trial to present this evidence and more – that Defendant became involved in the RICO conspiracy and drug trafficking conspiracy as a juvenile and ratified his membership after his eighteenth birthday by continuing to support the enterprise's

activities. The final determination of whether Defendant ratified his membership in the conspiracies after his eighteenth birthday will ultimately be a fact-intensive exercise, which is best left to the finder of fact at trial.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court reconsider its previous order granting Defendant's Motion to Dismiss the Indictment and issue a new order denying the Motion.

Respectfully submitted,

AARON F. REITZ
United States Attorney
Southern District of Texas

*/s/ Charles Hagerman*
Charles Hgaerman
Assistant United States Attorney

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

*/s/ Ralph Paradiso*
Ralph Paradiso
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2026 a true and correct copy of the foregoing document was served on defense counsel for the above-named defendant(s) via CM/ECF electronic docketing system

*/s/ Charles Hagerman*
Charles Hgaerman
Assistant United States Attorney

**CERTIFICATE OF CONFERENCE**

The United States presumes that the Defendant is opposed to this motion.

*/s/ Charles Hagerman*
Charles Hgaerman
Assistant United States Attorney